DOMENICO VOZZELLA *vs.* EDWARD P. OSGOOD & another.

Suffolk. January 10, 11, 1911. — March 4, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action for personal injuries received while the plaintiff was working in the defendant's foundry, there was evidence tending to show that, under the immediate supervision of a superintendent of the defendant, the plaintiff and two other men were engaged in rolling from a sand mould an iron wheel weighing fifteen hundred pounds which still was hot, they being supplied with

cloths for handling it, when the superintendent called away one of the three who was walking backward holding the wheel in front of him, that the plaintiff and his remaining fellow workman continued to roll the wheel, but that the two "couldn't keep hold of the wheel and it fell" crushing the plaintiff's foot. *Held*, that there was evidence warranting a finding that the plaintiff was in the exercise of due care and that the superintendent was negligent in leaving an insufficient number of men to roll the wheel while it was hot.

LORING, J.    The defendant was the proprietor of an iron foundry in which the plaintiff was employed.    The jury were warranted in finding the following facts.    On the morning in question the plaintiff, with two other employees, was engaged under the immediate supervision of the defendant's superintendent in rolling a wheel from the sand mould in which it was cast the day before.    The wheel weighed fifteen hundred pounds, its edges were rough and it was still hot.    The men were provided with rags to enable them to hold the wheel.    After the wheel had been rolled by the three employees for some "two or three rounds," the superintendent called off the third man, who had been walking backward holding the wheel in front of him, leaving the plaintiff and the other man in charge of the wheel, one on each side of it.    One of the witnesses testified that what the superintendent said at this time was: "Two men take the wheel out and one of you men come here and do something else."    There was a conflict in the evidence on this point. Some of the witnesses testified that the superintendent told the two to hold the wheel while the third man should clean the pathway and open a door for the wheel to go through. The plaintiff and the other employee continued rolling the wheel, but (in the words of one of his witnesses) they " couldn't keep hold of it and it fell," crushing the plaintiff's foot.

The defendant has contended that the plaintiff was not in the exercise of due care.    But that contention is based solely on the ground that the plaintiff disobeyed the superintendent's order to "hold the wheel."    As we have seen, the evidence on that point was in conflict, and this contention fails.

We are of opinion that, having in mind the weight of the wheel, the fact that it was hot, and the further fact that the superintendent originally put three men on the job, the jury were warranted in finding that two men were too few to roll it while it was hot, and that it was negligence on his part to tell

the two to continue to roll it after he had called the third man
away if the jury found that to be the fact. See *Di Bari* v.
*J. W. Bishop Co.* 199 Mass. 254.

By the terms of the report * the entry must be

  *Judgment for the plaintiff in the sum of $400 and costs.*

*F. Hunt,* for the plaintiff.

*W. H. Hitchcock* (*C. M. Pratt* with him.) for the defendants.

<hr />

* In the Superior Court, the case was tried before *Raymond,* J., who at the
close of the evidence by agreement of the parties ordered a verdict *pro forma*
for the defendant and reported the case for determination by this court, it
being agreed that, if there was evidence to go to the jury, judgment should
be entered for the plaintiff in the sum of $400 and costs ; otherwise, judg-
ment should be entered for the defendant.