MICHAEL HOGAN *vs.* JOSEPH E. PENNOCK & trustee.

Hampden. September 23, 1913. — January 7, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence*, Employer's liability. *Evidence*, Opinion.

In an action by an ironworker against a general contractor, his alleged employer, for personal injuries sustained in his work when obeying an order of a superintendent of the defendant, if there is evidence that the agent and representative of the defendant, in charge of the work in which the plaintiff was assisting, employed the plaintiff, fixed his pay and sent him to another man for specific directions as to his work, and also gave him the order that resulted in his injury, and if this evidence is contradicted, it is a question for the jury whether the plaintiff was in the employ of the defendant at the time of his injury.

In an action by an experienced ironworker, against a general contractor by whom he was employed, for personal injuries sustained, when he was obeying an order of the defendant's general superintendent to go from one end of an iron floor beam to assist a fellow workman who was having difficulty in adjusting the other end of the beam, by reason of the giving way of a wooden brace, put in to keep the beam from swaying until it was fastened in its place, which the plaintiff was obliged to take hold of to swing around it in passing from one end of the beam to the other, if there is evidence that there was no other reasonably quick way by which the plaintiff could go to help his fellow workman at the other end of the beam than the way the plaintiff took which required him to take hold of the wooden brace for support, and that the brace, although apparently sufficiently secure to serve the purpose for which it was intended, was not sufficiently fastened to enable a man to rely on it for support and pass it without danger, it can be found that the plaintiff, in assuming that the superintendent would not send him by an unsafe path and in obeying his order, was in the exercise

of due care and was not assuming the risk of injury; and it also can be found that the defendant's superintendent was negligent in giving an order to the plaintiff that required him to pass around the brace, which the superintendent knew or ought to have known could not be passed with safety.

In an action by an ironworker against his employer for personal injuries sustained, when obeying an order of the defendant's superintendent, by the giving way of a wooden brace which the plaintiff took hold of for support in going where the superintendent told him to go, a fellow workman may be allowed to testify that it was impossible to pass by the brace without taking hold of it, that being the witness's conclusion of fact from his personal observation and not mere matter of opinion or of argument.

Tort by an ironworker against a general contractor, who was engaged in the construction of a building on State Street in Springfield, for personal injuries sustained by the plaintiff on January 5, 1910, while in the employ of the defendant, by falling from an iron beam or girder that was being put in place in the building in process of construction, the fourth count of the declaration, which alone is material, alleging negligence of a superintendent. Writ dated October 10, 1910.

In the Superior Court the case was tried before *King*, J. At the close of the evidence, the substance of which is described in the opinion, the defendant asked the judge to instruct the jury, that on the pleadings and the evidence the plaintiff could not recover, that he could not recover on the fourth count of the declaration, that there was not sufficient evidence that the plaintiff was in the employ of the defendant, and that there was not sufficient evidence that the plaintiff was under the direction or control of the defendant to enable the plaintiff to recover.

The judge refused to give any of these instructions and submitted the case to the jury with other instructions. The jury returned a verdict for the plaintiff on the fourth count in the sum of $2,500; and the defendant alleged exceptions to the refusal of the instructions requested and to rulings of the judge excluding certain evidence offered by the defendant and admitting certain evidence offered by the plaintiff. The testimony referred to in the opinion was that of one Murphy, another ironworker who was at work on the building the day that the plaintiff was hurt. He was asked by the plaintiff, "Was there any other way for him to get by this shore, or brace, than by — without taking hold of it?" and answered, "Why, no; he couldn't get by without taking hold of it. Nobody could get by without taking hold of it." Being

asked to repeat his answer, he said, "Nobody could go by without taking hold of that brace." The defendant excepted to the questions and the answers.

A. L. Green, for the defendant.

D. E. Leary, for the plaintiff.

SHELDON, J. 1. It was a question for the jury whether the plaintiff was or was not in the employ of the defendant. They could find that he was hired by one Medholdt, and that Medholdt was the agent and representative of the defendant in charge of this work with authority to employ the plaintiff; that Medholdt fixed his pay, and sent him to one Hamre for specific directions as to his work. There was evidence also that Medholdt gave to the plaintiff the very order which preceded and resulted in the injury sued for. The plaintiff was employed as an ironworker; and there was evidence that the ironworkers received their pay from Medholdt, and receipted for it on pay sheets bearing the defendant's name. All these circumstances tended to support the plaintiff's contention. Their contradiction and explanation raised merely questions of fact. No doubt a finding that the plaintiff was employed by a subcontractor and not by the defendant would have been justified; but that does not authorize us to interfere.

2. There was abundant evidence that Medholdt was a superintendent for whose negligence as such the defendant would be responsible to his employees under St. 1909, c. 514, § 127. The verdict in favor of the plaintiff was rendered upon the fourth count of the declaration, and upon this ground alone. Questions arising under any of the other counts are not now material.

3. It is a more difficult question whether the circumstances in evidence are such as to warrant the plaintiff's recovery. He was an experienced ironworker. He was engaged with one Perry in putting into place an iron floor beam, he being at one end of the beam and Perry at the other end, and each having to adjust his own end. The plaintiff had got his end into place, but Perry had been unable to adjust properly his end. Thereupon, as there was evidence, Medholdt shouted to the plaintiff, "What are you doing there, Hogan? Get over and help Perry put in that beam." The plaintiff at once started to go to Perry. He walked on the bearing beam on which he had been sitting, and then upon the

flange of a smaller beam, or a board which rested upon that flange, to get to the opposite bearing beam upon which Perry was stationed. Going along this smaller beam, he came to a brace. The braces were put in to keep the beams as they were set from swaying, until they should be secured in their positions. The brace occupied the whole width of the flange or board. Coming to the brace, the plaintiff took hold of it, to swing around it. It gave way, and he fell with it, causing the injuries complained of.

The plaintiff was not in terms ordered to go to Perry by any particular route. The real question therefore is whether he was justified in taking the course which he did, or, to state it more exactly, whether he was justified in treating Medholdt's order as a direction to take that particular route. As to this the plaintiff testified: "There was no other way for me to get across to Perry, where I say Mr. Medholdt told me to go, except by the route which I took, unless I go down to the next floor, skin down one floor and skin up the other; no ironworker will do that." Medholdt was the general superintendent, in charge of all the work, and must be presumed to have known all the circumstances. It does not appear that there was any apparently safer way from one end of the beam to the other than that which the plaintiff took. Perry was having difficulty in setting his end of the beam, and it could be found that Medholdt's order required the plaintiff to reach him promptly by the most direct path and to render at once the needed assistance. The jury could find that the plaintiff was justified in acting on the idea that Medholdt intended and ordered him to take this route.

4. Upon such findings the jury could say that the plaintiff was in the exercise of due care and was not acting at his own risk. He might assume that Medholdt would not send him by an unsafe path, or past a brace which he could not get by without taking hold of it (as the jury could find to be the case) unless this could be done with safety. He was not bound absolutely to stop and examine the fastenings of the brace. He was acting in pursuance of a peremptory order, which he well might suppose called for immediate obedience.

5. For the same reasons the jury could find negligence in Medholdt for which the defendant would be responsible under the statute already referred to. The brace was insecurely fastened

and involved danger to any one attempting to pass it. It could be found that Medholdt ought to have known this, and not to have sent the plaintiff over the beam. His negligence, so far as appears, was not in allowing the brace to be insecurely fastened. Apparently it was sufficiently secure for the purpose which it originally had been intended to serve. His negligence was in sending the plaintiff over the beam and past the brace, which, as could be found, he knew or ought to have known could not be passed in safety.

It follows that the judge rightly refused to give the rulings requested by the defendant.

6. We find no error in the rulings upon evidence which were excepted to. Testimony whether it was in fact possible to pass the brace without taking hold of it was competent. It was not opinion evidence or mere matter of argument. See the cases collected in *Commonwealth* v. *Rodziewicz*, 213 Mass. 68. Other rulings upon evidence call for no discussion. So far as the defendant was prejudiced by them, they were not erroneous.

Nothing in the decisions referred to by the defendant seems to us inconsistent with the conclusions which we have stated.

*Exceptions overruled.*