FRED L. CURRIER *vs.* WHITIN MACHINE WORKS.

Worcester.    September 30, 1926. — January 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Employer's liability: assumption of risk.

The provisions of the workmen's compensation act do not relieve the plaintiff in an action for personal injuries received by him in the course of employment by the defendant, who is not a subscriber under the act, from the burden of proving that negligence of the defendant or of his servant or agent was a proximate cause of the injury.

The employee of one not a subscriber under the workmen's compensation act accepts the risks attending the conditions existing upon the employer's premises at the time he enters the employment, and involved in the operation of machines then being used thereon if such conditions are obvious to a man of common understanding and observation or could be seen on reasonable inspection.

While an employee of one not a subscriber under the workmen's compensation act was at work upon a moulding machine, it clogged and he attempted, without stopping the machine, to reduce the clogging by inserting a wooden wedge, a device which obviously could not be adjusted while the machine was in operation without danger that the operator's hand might be caught by the knives in the revolving top-head, and his hand was caught and injured. In an action at common law against the employer, there was no evidence that there had been any material change in the machine during the time of the plaintiff's employment, or that the plaintiff was not of common powers of understanding and observation. *Held,* that

(1) There was no duty on the part of the defendant to warn or instruct the plaintiff as to the obvious danger of operating the machine in the manner in which the plaintiff had modified it;

(2) The risk of injury was assumed by the plaintiff;

(3) A verdict for the defendant should have been ordered.

TORT for personal injuries. Writ dated August 31, 1923.

In the Superior Court, the action was tried before *O'Connell,* J. It appeared that, while the plaintiff was operating a machine, it clogged, and the plaintiff attempted to reduce the clogging by inserting a wooden wedge without stopping the machine. Other material evidence is described in the opinion. At the close of the evidence, the defendant in writing moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $9,800. The defendant alleged exceptions.

The case was argued at the bar in September, 1926, before *Rugg,* C.J., *Braley, Crosby, Carroll,* & *Wait,* JJ., and afterwards was submitted on briefs to all the Justices.

*C. C. Milton,* (*S. B. Milton* with him,) for the defendant.

*F. W. Morrison,* for the plaintiff.

WAIT, J. This is an action by an employee against his employer for damages alleged to be due to a defective machine upon which he was working when injured. The employer was not a subscriber under the workmen's compensation act, G. L. c. 152. This, however, does not relieve the plaintiff of the burden of proving that negligence of the employer was a proximate cause of the injury.

As was said in *Mammott* v. *Worcester Consolidated Street Railway*, 228 Mass. 282, 284, "There can be no negligence where there is no duty." "The workmen's compensation act does not enlarge the duty of an employer who is not a subscriber, nor transform into negligence conduct which apart from the statute would impose no liability upon him." An employer is not under obligation to change the condition of his ways, works, or machinery which exist at the time an employee enters his employment. An employee accepts by his contract of employment the risks attending the conditions existing upon the employer's premises and involved in the operation of machines then being used thereon if such conditions are obvious to a man of common understanding and observation and could be seen on reasonable inspection. *Murray* v. *Nantasket Beach Steamboat Co.* 248 Mass. 587, and cases cited.

There was nothing to show that the moulding machine by which the plaintiff was injured had been changed during the time of his employment, except that certain scars had been made on the bedplate (which had no causal connection with this accident and, therefore, are immaterial) and except insofar as he changed it himself shortly before the accident by inserting a wooden wedge in the pressure bar.

In consequence of the change made by him, the machine was not the machine upon which he was set to work and for defects in which the employer can be held to be negligent for failing to instruct or warn him. Such dangers as attended its use in the modified form which he gave it were obvious. There was no duty encumbent on the employer to warn or instruct in regard to them. Nothing appears to justify a finding that the plaintiff was not of common powers of understanding and observation. See *Lothrop* v. *Fitchburg Railroad*, 150 Mass. 423; *Alvey* v. *American Writing Paper Co.* 184 Mass. 234, 237.

The machine clogged in its ordinary operation. The plaintiff knew it. He endeavored to reduce the clogging by a device which obviously could not be adjusted while the machine was in operation without danger that the operator's hand might be caught by the knives in the revolving tophead.

He attempted to adjust it without stopping the machine. His hand was caught and injured.

The defendant owed no duty to furnish a different machine when it put him to work, and, although it could have been found to know of the change thereafter made in the machine by him, it owed no duty to warn a man of ordinary intelligence of the obvious danger attendant upon its use in the modified form. No negligence on its part appears upon the evidence in the opinion of a majority of the court, and it was, therefore, entitled to the directed verdict which was denied it.

The exception is sustained and, pursuant to G. L. c. 231, § 122, entry of judgment for the defendant is directed.

*So ordered.*