## LEO RIVERS *vs.* MARTIN KRASOWSKI.

Worcester. September 26, 1938. — June 29, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Employer's liability: assumption of risk, unsafe appliances. *Contract,* Of employment. *Practice, Civil,* Case stated; Appeal; Auditor: report, ordering of judgment on report; Order of court.

From a finding by an auditor, whose findings were accepted by the parties as final, that during three months preceding an injury to an employee he had worked regularly as business and weather conditions permitted, a conclusion was warranted that during that period he was employed under a continuing contract of employment and that there was no contractual assumption of risk of injury from a defect in a saw appliance that first developed two weeks before the injury.

That an employer permitted the continuance of a defect in a "trough" used in feeding wood to a power saw after it was called to his attention warranted a finding of negligence on his part toward an employee injured thereby.

TORT. Writ in the Superior Court dated November 12, 1932.

Before *Burns*, J., a verdict was returned for the plaintiff in the sum of $1,964.

The case was submitted on briefs.

*F. P. McKeon*, for the defendant.

*A. M. Hillman*, for the plaintiff.

DONAHUE, J. The plaintiff was injured while in the employ of the defendant and engaged in sawing wood with a "portable buzz saw" operated by a gasoline engine. His action to recover damages, brought in the Superior Court, was referred to an auditor under an order which did not make the auditor's findings of fact final. After the auditor's report was filed, however, the parties filed a written stipulation which provided that the findings of fact in the auditor's report were accepted as final; that if, as matter of law, the plaintiff was entitled to judgment, judgment should be entered for the plaintiff in the sum found by the auditor; and that if, as matter of law, the plaintiff was not entitled to judgment, then judgment should be entered for the defendant with costs. Thereafter a judge of the Superior Court allowed a motion of the plaintiff and denied a motion of the defendant for the entry of judgment on the auditor's report, and found for the plaintiff in the sum found by the auditor.

The defendant filed exceptions to the action of the judge on these motions and to his finding for the plaintiff. He also filed a claim of appeal. The general finding for the plaintiff made by the judge was in effect an order for judgment. *Lawrence* v. *Old Silver Beach, Inc.*, ante, 377. *Williams* v. *New Bedford*, ante, 213, 216. Since the parties agreed that the auditor's findings of fact should be final, the report constituted a case stated and the case is properly here on the defendant's appeal. *Pesce* v. *Brecher*, 302 Mass. 211, 213, and cases cited. As we treat the case on that basis, it is unnecessary to deal with the defendant's exceptions.

The following facts appear in the auditor's report: The defendant was engaged in the business of selling fire wood.

The plaintiff was employed by the defendant about six months before the time of the accident and was paid at the rate of $18 per week. Among the plaintiff's duties were the selling, sawing and delivery of wood. After the plaintiff was hired the defendant purchased a new gasoline engine, attached it to the chassis of an automobile truck, and built a saw "table . . . in the form of a trough." While using this apparatus the plaintiff was injured. The process of sawing the wood was described as follows: Another employee handed the wood to be sawed to the plaintiff, who placed it on the "saw table" in the "trough" which consisted originally of a vertical and a horizontal board each about ten inches wide. As the trough was pushed forward by the operator the saw "table tilted toward the saw thus permitting the wood held in the trough to be cut by the saw . . . . The purpose of the vertical board was to permit pressure on the wood being cut so that it could be firmly held when the saw was cutting." The wood when cut was taken away by another employee.

About two weeks before the plaintiff's injury the vertical board of the "trough" was found to be broken so that only about two inches of its original width of ten inches remained. The plaintiff told this fact to the defendant about a week before the accident. Nothing was done about it. The plaintiff continued to use the saw with the trough in that condition. At the time of the accident the plaintiff was gripping a stick of wood which was being sawed and pressing it against what was left of the vertical "trough board" so that it would be securely held while it was being cut. The stick of wood got caught in the saw with the result that the plaintiff's hand came in contact with the saw.

The auditor found that there was a dangerous defect in that "the vertical trough board was mostly gone" and that the defendant, knowing this condition, negligently allowed it to continue without repair. He also found that the plaintiff continued to use the trough, knowing its dangerous condition.

The defendant was not insured under the workmen's

compensation act. Therefore the only defence open to him in this action was that there was no evidence of his negligence. *Greem* v. *Cohen,* 298 Mass. 439, 444. By the express provisions of the act, the defences that "the employee was negligent" and that "the employee had assumed the risk of the injury" were not available to the defendant. G. L. (Ter. Ed.) c. 152, § 66. The words of the statute "the risk of the injury" do not mean the risk of injury from conditions that were existing and obvious on the premises of an employer at the time the contract of employment was made, sometimes referred to as a risk assumed by an employee by the contract of employment. *Wood* v. *Danas,* 230 Mass. 587, 591. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503, 505. The "risk of the injury," assumption of which the workmen's compensation act bars as a defence to an action for damages for injuries received by an employee, is a risk of injury that comes into existence subsequently to the making of the contract of employment. *Cronan* v. *Armitage,* 285 Mass. 520, 526. *Demaris* v. *Van Leeuwen,* 283 Mass. 169, 172–173. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432.

The "saw table" and "trough boards" had not been assembled by the defendant at the time the plaintiff first went to work for the defendant. This was done shortly thereafter. During the first three months after the hiring the plaintiff worked "irregularly" or "two or three days a week." It is not clear on the record whether during those months there were successive contracts of employment made at the beginning of each of the short periods that he worked. But the auditor found that, during the last three months preceding his injury, the plaintiff worked regularly as business and weather conditions permitted. We think the inferences were warranted that during this latter period he worked under a continuing contract of employment and that the defect that caused his injury was not in existence when the period began. A finding was warranted that there was no contractual assumption of the risk by the plaintiff. *McCarthy* v. *New York, New Haven & Hartford Railroad,* 285 Mass. 211, 216.

The defendant owed to the plaintiff the duty to furnish him with reasonably safe appliances to perform the work he was hired to do. The use of the "trough" in the condition in which it was at the time of the accident was apparently dangerous in the sawing of a stick of wood of small diameter, such as was being sawed by the plaintiff at the time of his injury. After knowledge of the defective condition the defendant did nothing to eliminate the danger from its use. The plaintiff was not obliged to show a promise by the defendant to repair the defective condition or a reliance on such a promise. *Wood* v. *Danas*, 230 Mass. 587, 591, 594. The auditor specifically found that the defendant was negligent, and the trial judge reached the same conclusion. We do not reach a different conclusion. *McCarthy* v. *New York, New Haven & Hartford Railroad*, 285 Mass. 211, 216, and cases cited.

The exceptions, and the appeal from the order denying the defendant's motion for judgment on the auditor's report are dismissed, and the orders for judgment for the plaintiff are affirmed.

*So ordered.*