WALTER DOHERTY *vs.* PAUL'S FOR TIRES, INC.

Suffolk.   May 10, 1943. — May 26, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Employer's liability: place of work, assumption of risk. *Evidence,* Matter of common knowledge.

In an action against an employer, not a subscriber under the workmen's compensation act, for personal injuries sustained when the plaintiff, an employee working in the defendant's store, was struck by a tire which came off one of several piles of tires, a finding of negligence of the defendant was not warranted by testimony of the plaintiff that when he began his employment on the morning of the day of the accident he observed that the piles were generally about five feet high and that at the time of the accident the height of the pile in question had been increased to about seven feet, without evidence that the increase constituted a hazard beyond those incidental to the conditions in the store which were obvious to the plaintiff when his employment began.

It was not a matter of common knowledge that increasing the height of one of several piles of tires in a store from about five feet to about seven feet constituted a hazard to one working around the piles beyond those incidental to the conditions obviously existing in the store before the pile was raised.

TORT.   Writ in the Superior Court dated June 22, 1938.

The action was tried before *Good,* J.

*W. F. Neary,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

FIELD, C.J.   This is an action of tort brought in the Superior Court to recover compensation for personal injuries sustained by the plaintiff while working for the defendant by reason of the alleged negligence of "the defendant, its servants, agents, or employees" in failing to provide him a safe place in which to work.   There was a verdict of the jury for the plaintiff, but under leave reserved a verdict was entered for the defendant.   The plaintiff excepted.

There was no error.

It was admitted that the defendant was not insured

under the workmen's compensation law. There was testimony by the plaintiff tending to show these facts: The plaintiff was employed by the defendant on the day of the accident to do general work in the defendant's store. He began work at eight o'clock in the morning, and the accident occurred at about four o'clock in the afternoon. The store was about fifty feet wide and one hundred feet long. At the front of the store an office was partitioned off and in it was a "regrooving machine." The rest of the store consisted of a large room containing piles of tires of various heights with spaces between the piles. There was an aisle ten feet wide through the middle of the store from back to front. The plaintiff's "first work was to sweep the floor around the front end." He was "shown how to regroove tires." When he was rolling a tire in the aisle from the back of the store to the office for the purpose of regrooving it, a tire came off a pile of tires at his right, struck the plaintiff and injured him. This "pile of tires was about six and one half or seven feet high massed together loosely and irregular and overlapping. Some ones on the top were overlapping each other, loosely piled. When he first started in the morning, there were less tires in the pile and during the day more tires came in and they put them on top. He did not put any tires there himself during the day." This pile of tires was three and one half or four feet away from the plaintiff as he rolled the tire along the aisle. When "the plaintiff went to work, he observed that the tires in the area where the accident occurred were piled five to five and one half feet high, and that they were piled loosely and overlapping, and that they were piled in a similar manner at the time of the accident except that the pile was a little higher." There "were no tires up around the ceiling." The manager of the store testified that the piles of tires were four and one half or five feet high and if "piled too high, the whole pile would topple. . . . If tires were piled up towards the ceiling, they would be likely to tip over. As a result when we pile them up that way, we pile them against the wall for support." The president of the defendant corporation testified that the

tires on the pile in question "were piled in the same manner as other tires in the store; that he had twelve to fifteen years experience in the tire business and never saw one tire fall off the top of a pile whether piled evenly or over-lappingly. If piled too high, the whole pile would topple over and not one tire come off the top; that no tires were added to the pile that day and that all tires that came into the store during that day were left in the rear of the store to be regrooved."

Since the defendant was not insured under the workmen's compensation law, the plaintiff is entitled to recover "if he merely proves that there was negligence on the part of the defendant or . . . [its] servants or agents which caused his injury." *Greem* v. *Cohen*, 298 Mass. 439, 444–445. *Roberts* v. *Frank's Inc.*, ante, 42. The defences of contributory negligence and voluntary assumption of risk are not open to the defendant. *Novash* v. *Crompton & Knowles Loom Works*, 304 Mass. 244, 247. *Roberts* v. *Frank's Inc.*, ante, 42.

The defendant owed to the plaintiff the duty — breach of which would constitute negligence — to use reasonable care to furnish the plaintiff with a safe place in which to work. But this duty did not extend to changing conditions with respect to safety that were obvious to the employee when he entered upon the employment. "This doctrine is that an employer owes no duty to one entering his employment to change the conditions of the premises, equipment or methods of operation which obviously existed and were apparently contemplated by the parties when the contract of service was made and, therefore, that there is no negligence in continuing them." Though this doctrine is "sometimes described as contractual assumption of risk, it relates to the issue of the defendant's negligence." But "the limitation upon the duty of the employer does not relieve him from the duty of using reasonable care to protect the employee from risks not ordinarily incidental to the continuance of such obvious conditions. No agreement by the employee to expose himself to such risks is implied from his contract of employment." *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432.

According to the plaintiff's own testimony, "the conditions of the premises, equipment or methods of operation" at the defendant's place of business were obvious to the plaintiff when he entered upon his employment on the morning of the day in which he was injured. And there was no evidence of any change in these respects other than of a change in the height of the piles of tires and particularly of the pile of tires from which the tire fell that struck the plaintiff.

The plaintiff by his testimony fixed the height of the piles generally as five to five and one half feet in the morning and six and one half feet at the time of the accident, and the height, at the time of the accident, of the pile from which the tire fell at six and one half or seven feet. The manager by his testimony fixed the height of the piles of tires generally at four and one half to five feet without indicating any change in the height of the piles throughout the day. There was no direct evidence, and it cannot be said as matter of common knowledge, that the increase in the height of the pile of tires constituted such a change in "the conditions of the premises, equipment or methods of operation" that were obvious to the employee when he went to work as to warrant a finding of negligence on the part of the defendant. It could not rightly be found that the risk of danger from the somewhat higher piles of tires was not a risk "ordinarily incidental to the continuance of such obvious conditions."

*Exceptions overruled.*