BATTISTA ENGA *vs.* THEODORE SPARKS
(and a companion case [1]).

Berkshire. September 21, 1943. — December 1, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Agency*, What constitutes, Scope of authority or employment, Independent contractor. *Practice, Civil*, Exceptions: allowance and establishment, contents of bill; Requests, rulings and instructions. *Evidence*, Competency, Offer of compromise. *Negligence*, Employer's liability: assumption of risk, scope of employment. *Jury and Jurors*.

Evidence that the proprietor of a business of converting standing timber into lumber furnished to a sawyer a portable sawmill with necessary gasoline and oil for the sawing of the timber, for which he paid the sawyer at a certain rate per thousand feet, that the proprietor was frequently on the scene of the sawing operations giving orders to the men engaged therein and that he attended to repairing the mill at the request of the sawyer, warranted a finding that the sawyer was an employee of the proprietor and not an independent contractor, although there was also evidence that the men engaged in sawing were hired by the sawyer and paid by him from the proceeds of the checks given him by the proprietor.

An allegation that an employer was not insured under the workmen's compensation act was not necessary in a declaration to enable an employee to rely on such fact in an action at common law for injury sustained through negligence for which the uninsured employer was responsible.

Evidence of a conversation between the plaintiff and the defendant in which the defendant asked the plaintiff how much he wanted "to settle the case up" properly was excluded.

An exception saved to the overruling of a demurrer by one judge of the Superior Court was improperly included in a bill of exceptions allowed by another judge who presided at a subsequent trial of the case on the merits.

---

[1] The companion case is by the same plaintiff against John Galanek.

On the evidence at the trial of an action of tort by an employee against his employer for injury alleged to have been sustained through negligence for which the defendant was responsible, the defendant was entitled to have the jury instructed that if the plaintiff, when injured, was not acting within the scope of his employment but was doing something he was not authorized to do, he could not recover.

No error appeared in a trial judge's requesting a jury further to consider a civil case when they returned in the morning after having separated late the preceding evening without reaching an agreement upon a verdict and, in response to inquiries from the judge, stated that they had not discussed the case with anyone after they had separated and that they might reach an agreement if given further time.

TWO ACTIONS OF TORT. Writs in the Superior Court dated respectively August 5, 1941, and December 7, 1940.

The cases were tried before *Walsh,* J.

*J. M. Shea,* for the plaintiff.

*J. N. Alberti,* for the defendant Galanek.

*F. M. Myers,* for the defendant Sparks, submitted a brief.

RONAN, J. These are two actions of tort to recover for personal injuries sustained by the plaintiff on November 23, 1940, when he was employed in lumbering operations in Becket, through the negligence of the defendant Sparks, who, it is contended, was the agent of the defendant Galanek. The jury returned verdicts against both defendants. The judge on leave reserved ordered the entry of a verdict for the defendant Galanek. He then reported his action to this court together with his rulings excluding certain evidence offered by the plaintiff. Both defendants filed exceptions.

Galanek, hereinafter referred to as the defendant, was engaged in the business of buying standing timber and converting it into lumber which he sold in the open market. He owned a portable sawmill and two tractors. The timber was cut down by "contractors" who were paid at a certain rate for the quantity cut. The timber was then brought by loggers to the mill. The loggers used the defendant's tractors which they agreed to keep in repair, and they agreed to replace broken parts by new parts which the defendant was to furnish. The defendant also agreed to furnish the gasoline and oil for the tractors. These loggers were paid a certain rate per thousand for hauling the timber to the mill. Sparks was a sawyer. There was evidence that he had en-

tered into an oral agreement with the defendant by which the defendant was to furnish to Sparks the portable mill with the necessary gasoline and oil for the sawing of the timber. Sparks was to keep this mill in repair. He was to hire his own help for performing this branch of the work, for which he was to be paid $3 a thousand. There was also evidence that he hired the plaintiff, fixed his compensation and paid the social security assessments. Sparks kept account of the timber cut, logged and sawed, and presented it each Saturday to the defendant, who made payment by checks payable to the "contractors" and loggers, and by a check to Sparks which the latter cashed and from the proceeds of which he paid those who were engaged in sawing the lumber. The plaintiff, however, testified that the defendant was at the mill nearly every day "giving the order to the men, what he got to do"; that two or three weeks before the accident he heard Sparks tell Galanek after the rod had broken and after a piece of wire was used to hold the pulley horizontal so as to prevent it from chafing the cable that it was necessary to have the pulley repaired as it was liable to come off and kill someone, and Galanek said that he would fix it up and might get a new one; that he had gone with Sparks and Galanek when the latter purchased a belt and a drum for the mill and magneto points for the gasoline engine; that the first Saturday he worked there Galanek asked him whether he wanted cash or a check and, when he told him cash, Galanek drew a check payable to Sparks and the latter cashed the check and paid the plaintiff and others; and that this was the method by which the plaintiff was paid during the six or seven months he worked there prior to the accident. At the time of the accident the plaintiff was holding the pulley upright in place so that another employee could tighten the wire and prevent the pulley from wobbling, when Sparks started the power without any warning and caused the plaintiff's hand to be caught between the cable and the pulley crushing three fingers so badly that amputation was necessary.

We shall first consider the questions raised by the report. The single ground upon which the plaintiff seeks to recover

against Galanek is that the evidence was sufficient to warrant the jury in finding, as they apparently did, that Sparks was not an independent contractor but was an employee of Galanek. The jury could disbelieve the explanation given by the defendants with reference to the purchase of parts for the mill. They could consider significant the request by Sparks that Galanek repair the mill, after a wire had been substituted for an iron rod as the means for holding the pulley in position, and the promise of Galanek that he would attend to it. Although the weight of the evidence appearing in the record is such that Galanek might have been justified in expecting that the jury would find that Sparks was operating the mill in accordance with the agreement testified to by the defendants, yet there was enough in the testimony to warrant a finding the other way. The method of payment to the plaintiff was important, although not conclusive. *McDermott's Case*, 283 Mass. 74. *Wanders's Case*, 308 Mass. 157. Moreover, the jury had before it the testimony of the plaintiff that Galanek was at the mill every day giving orders to the men. Upon all the evidence a finding was warranted that Galanek had the right to control Sparks as to the manner and means that he should adopt in the performance of the work and also the men who were engaged with Sparks in the sawing of the lumber, and consequently that Sparks was an employee of Galanek. *Linnehan* v. *Rollins*, 137 Mass. 123. *Mahar* v. *Steuer*, 170 Mass. 454. *Marsh* v. *Beraldi*, 260 Mass. 225. *Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319. *Baumgardner* v. *Boston*, 304 Mass. 100. *O'Hara's Case*, 310 Mass. 223. *Bell* v. *Sawyer*, 313 Mass. 250.

The evidence was ample to prove the negligence of Sparks. Neither defendant argues to the contrary. It could be found that, from the number of times the plaintiff had adjusted the pulley and the circumstances in which the work was done, it was, as the plaintiff testified, a part of his duties to make the adjustment and that when injured he was acting within the scope of his employment. There was, therefore, error in directing the entry of a verdict for the defendant under leave reserved.

The other exceptions of the plaintiff presented by the re-

port need but little discussion. There was no error in refusing to permit the plaintiff to amend the declaration by alleging that the defendant was not insured under the workmen's compensation act. There was no abuse of discretion. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519. No such allegation was necessary. *Tardiff* v. *Lynn Sand & Stone Co.* 288 Mass. 472, 477. Besides, the plaintiff was not prejudiced, as the trial proceeded upon the theory that the defendant was not insured. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503. The evidence offered by the plaintiff which, in substance, amounted to an offer of compromise or a settlement of liability[1] was properly excluded. *Harrington* v. *Lincoln,* 4 Gray, 563. *Garber* v. *Levine,* 250 Mass. 485.

We now pass to the exceptions alleged by the defendant.

The defendant excepted to an order overruling his demurrer to three counts of the declaration. The correctness of that order of the Superior Court could be brought here by exceptions, although an appeal would have been an appropriate method. *McCallum* v. *Lambie,* 145 Mass. 234. *McCusker* v. *Geiger,* 195 Mass. 46. *Norton* v. *Lilley,* 210 Mass. 214. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53. The defendant merely claimed an exception, but he never filed any bill of exceptions which was allowed by the judge who made this order and who is still in service. Instead, the defendant purported to incorporate this exception, months after it was claimed, in a bill of exceptions which included the exceptions taken at the trial. This bill was allowed by the trial judge, who, however, had not made this ruling on the demurrer. It follows that the order made on the demurrer is not presented by the only bill of exceptions filed by the defendant, and we cannot review the order. *Holbrook* v. *Seagrave,* 228 Mass. 26. *Shepard* v. *Worcester County Institution for Savings,* 304 Mass. 220. In passing it may be said that, while the allegations of the declaration seem to be unnecessarily broad and general, they are not so lacking in substantial

---

[1] The judge struck out testimony by the plaintiff that after he had left the hospital, the defendant Galanek "started talking about this, and he wanted me to say how much I want for it, to settle the case up"; and that at a later conversation "about this accident" with Galanek, "he start over again. He ask me how much I want for it."—REPORTER.

certainty as to offend the statute.  G. L. (Ter. Ed.) c. 231, § 7, Second.  Each of the three counts now in question sets forth a violation of a common law duty owed by the defendant to the plaintiff and alleges a cause of action.  *Feldman* v. *Witmark*, 254 Mass. 480.  The remedy of the defendant if he wished to narrow and define the issues that might arise out of this declaration at the trial was to require the filing of specifications or particulars by the plaintiff.  *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327.  This the defendant did not do and there was no variance between the case alleged and the case proved at the trial.  Compare *Glynn* v. *Blomerth*, 312 Mass. 299.

The defendant was not insured under the workmen's compensation act, and he was thereby deprived of setting up contributory negligence, voluntary assumption of the risk and the fellow servant rule.  There was no error in denying the defendant's numerous requests for instructions based upon these matters, none of which was available to him as an affirmative defence.  G. L. (Ter. Ed.) c. 152, § 66.  *Tiller* v. *Atlantic Coast Line Railroad*, 318 U. S. 54.  *Owens* v. *Union Pacific Railroad*, 319 U. S. 715. All that the plaintiff was required to prove was that he was injured by the negligence of the defendant.  *Cronan* v. *Armitage*, 285 Mass. 520.  *Greem* v. *Cohen*, 298 Mass. 439.

An employer is not, however, precluded from relying upon the contractual assumption of the risk by the employee, as he owes no duty to the latter upon becoming an employee to change the obvious conditions of the premises or to alter the manifest methods of conducting his business.  It is plain that such a defence could not be supported by the testimony in the present case, for the defect in the portable mill seems to have arisen after the plaintiff's employment had begun.  There was, therefore, no error in refusing the requests relating to contractual assumption of the risk.  *Roberts* v. *Frank's Inc.* 314 Mass. 42.  *Doherty* v. *Paul's For Tires, Inc.* 314 Mass. 83.  *Ashton* v. *Boston & Maine Railroad*, 222 Mass. 65.  *Wood* v. *Danas*, 230 Mass. 587.  *Currier* v. *Whitin Machine Works*, 258 Mass. 82.  *Rivers* v. *Krasowski*, 303 Mass. 409.

The defendant was entitled to his forty-fourth request which, in effect, sought an instruction that, if the plaintiff was not acting within the scope of his employment when injured but was doing something he was not authorized to do, he could not recover. The plaintiff was hired as a marker, but upon all the evidence it was a question of fact whether his duties did or did not include the adjustment of the pulley. If the jury found that in making the adjustment he was acting outside of any reasonable exercise of his employment, he could not recover and the defendant had the right to have the jury so instructed. *Mellor* v. *Merchants' Manuf. Co.* 150 Mass. 362. *Byrne* v. *Learnard,* 191 Mass. 269. *Grace* v. *United Society called Shakers,* 203 Mass. 355. *Fitzgerald* v. *Young,* 225 Mass. 116. *Bolden's Case,* 235 Mass. 309. *Hurley's Case,* 240 Mass. 357. *Eifler's Case,* 276 Mass. 1. *Lazarz's Case,* 293 Mass. 538.

The final exception of Galanek and the only exception of Sparks is to the action of the judge in permitting the jury to retire for further deliberation after they had separated late the preceding evening without reaching an agreement. The judge inquired if any of the jury had discussed the cases with any one since they had separated, and, upon being informed that they had not and that they might reach verdicts if given further time, he requested them to consider the cases again. In these circumstances there was no error in sending the jury out again and in accepting the verdicts which were subsequently returned. *Charles* v. *Boston Elevated Railway,* 230 Mass. 536. *Dziegiel* v. *Westford,* 274 Mass. 291. *Newell* v. *Rosenberg,* 275 Mass. 455.

It follows that, in the case against Galanek, the verdict entered upon leave reserved must be set aside but his exceptions must be sustained, and that the exception of Sparks must be overruled.

*So ordered.*