STANLEY MACIEJEWSKI *vs.* GRATON & KNIGHT COMPANY.

Worcester.    September 24, 1946. — April 2, 1947.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Negligence*, Employer's liability: assumption of risk, place of work; Slippery substance.

Statement by LUMMUS, J., of the basis, before the changes wrought by St. 1943, c. 529, of liability to an employee of an employer who remained outside of the workmen's compensation system.

At the trial of an action against an employer not insured under the workmen's compensation act, for personal injuries sustained in 1942 by an employee, who for many years had worked for the defendant stripping flesh from hides to prepare them for tanning, when he slipped on flesh on the floor by a bench where he was at work, evidence most favorable to the plaintiff showed that the presence of such flesh on the floor, already wet, was one of the constant and obvious incidents of the employment; and a verdict for the defendant should have been ordered.

TORT. Writ in the Superior Court dated June 28, 1943.

The case was tried before *Forte*, J., who denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*J. A. Crotty*, (*F. X. Reilly, Jr.*, with him,) for the defendant.

*Nunziato Fusaro*, for the plaintiff.

LUMMUS, J.    This is an action of tort for personal injuries sustained on June 26, 1942, brought by an employee against his employer, who was not a subscriber under the workmen's compensation law, G. L. (Ter. Ed.) c. 152.

Until the amendments made by St. 1943, c. 529, which took effect on November 15, 1943, the workmen's compensation law provided a voluntary system, and an employer, as well as an employee, had an option to remain outside that system. But the policy of the Commonwealth was to draw all employers into that system by putting those who remained outside it under legal disadvantages in actions of

tort brought by injured employees. *Young* v. *Duncan,* 218 Mass. 346, 349. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 569. *Alecks's Case,* 301 Mass. 403, 406. *Opinion of the Justices,* 309 Mass. 571, 594–601. *Friend Bros. Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, 642. Pursuant to that policy, the Legislature in 1911 deprived employers who remained outside the workmen's compensation system of the following defences: contributory negligence, the fellow servant rule, and "that the employee had assumed the risk of the injury." G. L. (Ter. Ed.) c. 152, § 66.

The statute, however, left upon an injured employee of an employer who remained outside the workmen's compensation system the burden of proving negligence on the part of the employer or some servant of his that bore a causal relation to the injury. "The workmen's compensation act does not enlarge the duty of an employer who is not a subscriber, nor transform into negligence conduct which apart from that statute would impose no liability upon him. Negligence is a breach of some legal obligation, imposing the performance or omission of particular conduct. There can be no negligence where there is no duty." *Mammott* v. *Worcester Consolidated Street Railway,* 228 Mass. 282, 284. *Bernabeo* v. *Kaulback,* 226 Mass. 128. *Bigos* v. *United Rayon Mills,* 301 Mass. 76, 80. Commonly the absence of negligence on the part of an employer who remained outside the workmen's compensation system afforded him the only ground of escape from liability to an injured employee. *Opinion of the Justices,* 309 Mass. 571, 597, 598. *Walsh* v. *Boston & Maine Railroad,* 284 Mass. 250, 251. *Rivers* v. *Krasowski,* 303 Mass. 409, 411, 412. *Starr* v. *Chafitz,* 317 Mass. 227, 229. *Kendrick* v. *Lynn Sand & Stone Co.* 317 Mass. 737. *Reidy* v. *Crompton & Knowles Loom Works,* 318 Mass. 135, 137, 138.

The duty of an employer to his employee, and the breach of that duty which is denominated negligence, had to be considered in the light of the principle that an employer owes to the employee no duty to improve the machinery, conditions and methods that obviously characterized the employment at the time when it began, even though they

were dangerous to the employee and could easily be improved. Since the employee accepted the obvious existing nature and conditions of the job by going to work, that principle was commonly, though somewhat misleadingly, called the "contractual assumption of risk," as distinguished from a quite different principle called the "voluntary assumption of risk," which is discussed in *O'Toole* v. *Pruyn*, 201 Mass. 126, *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, *Engel* v. *Boston Ice Co.* 295 Mass. 428, *Holland* v. *Pitocchelli*, 299 Mass. 554, *Rivers* v. *Krasowski*, 303 Mass. 409, 412, *Burke* v. *Zatoonian*, 309 Mass. 541, 543, and *Ryan* v. *Gray*, 316 Mass. 259.

General Laws (Ter. Ed.) c. 152, § 66, in depriving an employer who remained outside the workmen's compensation system of the defence "that the employee had assumed the risk of the injury," referred only to the voluntary assumption of risk, and left unimpaired the so called contractual assumption of risk which is in reality a limitation upon the duty of an employer to his employee.[1] Recently the amendment to that section made by St. 1943, c. 529, § 9A, deprived an employer of the "defence" of contractual assumption of risk as well as the defence of voluntary assumption of risk, and also of the "defence" that the injury did not result from negligence or other fault of the employer, if the injury arose out of and in the course of the employment. *Opinion of the Justices*, 309 Mass. 571, 597–601. But the present cause of action arose prior to the taking effect of that amendment on November 15, 1943, and consequently is governed by the preëxisting law. *Reidy* v. *Crompton & Knowles Loom Works*, 318 Mass. 135, 139.

In the present case the question is whether there was

---

[1] *Ashton* v. *Boston & Maine Railroad*, 222 Mass. 65. *Wood* v. *Danas*, 230 Mass. 587. *Currier* v. *Whitin Machine Works*, 258 Mass. 82. *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503. *Demaris* v. *Van Leeuwen*, 283 Mass. 169. *Cronan* v. *Armitage*, 285 Mass. 520. *Fraioli* v. *New York, New Haven & Hartford Railroad*, 286 Mass. 450. *Beggelman* v. *Romanow*, 288 Mass. 14. *Rivers* v. *Krasowski*, 303 Mass. 409. *Lakube* v. *Cohen*, 304 Mass. 156, 161. *Sjostedt* v. *Webster*, 306 Mass. 344. *Campbell* v. *Rockland Trust Co.* 311 Mass. 663. *Doherty* v. *Paul's for Tires, Inc.* 314 Mass. 83. *Enga* v. *Sparks*, 315 Mass. 120. *Ryan* v. *Gray*, 316 Mass. 259, 261. *Kendrick* v. *Lynn Sand & Stone Co.* 317 Mass. 737. *Reidy* v. *Crompton & Knowles Loom Works*, 318 Mass. 135, 139, 140.

sufficient evidence of the defendant's negligence to support the verdict for the plaintiff. There was evidence of the following facts: The plaintiff, seventy-two years old, had worked for the defendant for more than thirty years, trimming flesh off hides to prepare them for tanning. He used a two-handled knife at a bench over which a hide would be thrown. To escape the discarded flesh strewn on the floor during the trimming process, he stood on a platform two inches high. The floor was cleaned every night by others, in preparation for the next day's work. The plaintiff had to drag the heavy, wet hides about ten feet to put them on his bench.

On the day of the accident when the plaintiff went to work he found much greasy flesh on the floor around, his bench, for it had not been cleaned during the night. He complained to his foreman of the condition of the floor, but went to work upon being assured that the condition would be remedied. He worked for three hours before the injury. Then in dragging a particularly heavy hide upon the bench his foot slipped in the flesh on the floor, he lost his balance, strained himself, and permanently injured his heart through the rupture of a vein.

The plaintiff testified that at the time of the injury he had dragged about ten feet to his bench an unusually heavy hide weighing about three hundred or four hundred pounds,[1] and was in the act of lifting one end of it to his bench when his foot slipped. He was accustomed to have help in dragging such a heavy hide, according to his testimony. On the occasion in question he asked the foreman for assistance in handling this particular hide, and the foreman, he testified, "told me [to] go and work myself, do the best I can."[2] But the plaintiff agreed that the floor was wet, as it always was, and that the hide was easy to drag. The foreman testified that before the trimming operation all the flesh had been removed by a machine except that around the

---

[1] The testimony for the defendant showed that the heaviest hide that ever came into the plant weighed one hundred sixty-five pounds. But of course we must accept the plaintiff's testimony as true.

[2] His testimony in both these respects was contradicted by the foreman, but of course we must accept the plaintiff's testimony as true.

edges, and that only about a quarter of the hide had to be lifted upon the bench. The plaintiff agreed that only one end of the hide had to be lifted, but he estimated that to be one half. Possibly an employer would be negligent in ordering an employee to do an act evidently beyond his strength, just as an employer would be in ordering an employee to do an act which the employer knew or ought to have known to be dangerous. *Di Bari* v. *J. W. Bishop Co.* 199 Mass. 254, 257, 258. *Bowie* v. *Coffin Valve Co.* 200 Mass. 571. *Shannon* v. *Shaw,* 201 Mass. 393, 396. *Eaves* v. *Atlantic Novelty Manuf. Co.* 176 Mass. 369. *Vozzella* v. *Osgood,* 208 Mass. 346. *Sanders* v. *New York Central & Hudson River Railroad,* 212 Mass. 269. *Generous* v. *Hosmer,* 216 Mass. 26. *Hogan* v. *Pennock,* 216 Mass. 274. 35 Am. Jur., Master & Servant, § 273. The order of the foreman, though in terms reminiscent of the order in *McCarthy* v. *New York, New Haven & Hartford Railroad,* 285 Mass. 211, 216, was in its effect unlike that order, which required a plaintiff to ascend an unsafe ladder over which he had no control. In the present case the plaintiff was a very experienced workman, and doubtless knew his own physical powers better than the foreman did. He was master of the situation, and nothing in the order required him to exert himself beyond his strength. He was to do only what he could. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503, 506. *Campbell* v. *Rockland Trust Co.* 311 Mass. 663. There is nothing in the evidence to indicate that he would have been injured if his foot had not slipped in the grease.

So far as the plaintiff's injury was caused by slipping, it may be assumed for the sake of the argument that the employer had a duty to perform the promise of the foreman to clean the trimmings of the day before within a reasonable time, and that there was a breach of that duty. *Wood* v. *Danas,* 230 Mass. 587. *Beggelman* v. *Romanow,* 288 Mass. 14, 17, 18. But evidence is lacking that such a breach was a cause of the plaintiff's injury. The floor was always wet. For all that appears he slipped on flesh trimmed off by himself shortly before the injury. The presence of such flesh on the floor, already wet, was one of the constant and

obvious incidents of his employment. *Starr* v. *Chafitz,* 317 Mass. 227, 230.

We think there was error in the denial of the defendant's motion for a directed verdict in its favor.

*Exceptions sustained.*
*Judgment for the defendant.*