*Northern District*

No. 4720

ISAAC ROBERTS

v.

KENNETH L. REYNOLDS,
d/b/a Reynolds Boat Co.

(January 26, 1954)

*Brooks, J.* This is an action of tort to recover damages for personal injuries resulting from failure of defendant to supply a guard on a tool, namely a planer joiner which plaintiff was using while making an oak gunwale for a boat.

Count 1 sets forth the injury and alleges that plaintiff negligently failed to furnish necessary ap-

pliances and guards to protect the employee using the tool. Count 2, in addition to setting forth the facts of the injury, alleges: "that the defendant had in his employ on said date three or more employees and that the defendant failed to carry Workingmen's Compensation Insurance and is therefore deprived of the defenses as set forth in G. L. c. 152, s. 66," and Count 3, alleges: "that the defendant is liable to the plaintiff under the provision of G. L. c. 153."

All three counts are for the same cause of action.

Defendant set up a general denial, contributory negligence, that there was no evidence of negligence for which defendant could be held responsible, that there was no defect in the condition of the ways, works or machinery, that the injuries were not caused by a defect in the condition of the ways, works or machinery, that plaintiff assumed the ordinary risks of his employment, that plaintiff knew of the defect or negligence which causes injuries and failed to give information thereof to the employer, that plaintiff assumed a risk which came into existence subsequent to the contract of employment.

The court found that:

"The defendant is and has been, for some years, engaged in the business of building and selling boats. Early in the year 1952, he hired the plaintiff, a general worker of some six years' experience in boat building, to assist him at his plant, located in Haverhill, Massachusetts.

"On March 19, 1952, the plaintiff, while engaged under orders of the defendant, in the process of making an oak gunwale on a planer joiner, received injuries to the middle and index finger of his left hand, necessitating amputation of the middle finger across the nail (from $\frac{1}{8}$ to $\frac{1}{4}$ of an inch) and removal of skin from the index finger.

"The defendant was not insured under the workingmen's compensation act, and the plaintiff was his only employee.

"Said planer jointer was not equipped with an adjustable guard, and if it were, the accident would not have happened. The defendant failed to furnish and keep on hand such a guard for said jointer.

"The plaintiff received, prior to the injury, $50.00 per week from the defendant, as wages, and $28.00 per week as a clarinet player in an orchestra. Because of his said injuries, he was unable to resume his regular work in boat building until May 8, 1952, and could not return to his orchestra playing before December, 1952. He paid for hospital service and medical attendance $38.00."

The court found that defendant was negligent and found for the plaintiff in the amount of $2046 with interest from the date of the writ. Subsequent to the trial and prior to the finding, the attorney for plaintiff wrote to the court as follows:

"With reference to the above matter, I neglected to call your attention to General Laws, Chapter 152, Section 67 which should be read in conjunction with General Laws, Chapter 152, Section 66 to which I called your attention before the above case was tried."

At the trial and before arguments, the defendant made the following Requests for Rulings:

"1. As a matter of law the plaintiff has the burden of proof to show by a preponderance of the evidence that the defendant was negligent.

"2. There is evidence to warrant the Court to find that the defendant was not negligent.

"3. As a matter of law in order for the plaintiff to recover under Count 1 or Count 3 he must have been in the exercise of due care.

"4. There is evidence to warrant the Court to find that the plaintiff was not in the exercise of due care.

"5. The plaintiff has failed to sustain the burden of proving by a preponderance of the evidence that his injury was caused by the negligence of the defendant.

"6. If as a matter of fact the court finds the defendant has less than three employees within his employ at the time of the accident then as a matter of law the plaintiff cannot recover under Count 2 of his declaration.

"7. If the Court finds as a fact that the guard on the planer joiner at the time of the accident was not in a operating position then as a matter of law such knowledge should have been obvious to the plaintiff, and if he chose to proceed without it, he had assumed the risk and cannot recover in this action.

"8. As a matter of law when a person such as the plaintiff enters the service of another, he impliedly agrees to assume all the obvious risks of the business, including the risk of injury from the kind of machinery then openly used. (*Rooney v. Sewall,* 161 Mass. 133).

"9. If the Court finds as a fact that the plaintiff proceeded to use the planer joiner to make an oak gunwale of the kind he was making at the time of the accident without a guard on the machine he was not as a matter of law using at the time of the accident that degree of care which an ordinary prudent man would use for his own safety in the light of all the circumstances at the time of the act under inquiry.

"10. If the Court finds as a fact that the plaintiff proceeded to use a planer joiner to make an oak gunwale of the kind he was making at the time of the accident and not a table saw he was not as a matter of law using

at the time of the accident that degree of care which an ordinarily prudent man would use for his own safety in the light of all the circumstances at the time of the act under inquiry.

"11. As a matter of law where one voluntarily puts himself in a place of exposure to injury, without some reason of necessity of propriety to justify him in so doing, and injury happens to him in consequence of his being in that place, he is not allowed to recover for such an injury although he may be able to show negligence in the conduct of the other party.

(*Mayo v. B. & M.,* 104 Mass. 137)".

The court made the following Rules of Law:

"I grant the defendant's request for rulings, numbered 1 and 2. I deny his request numbered 5. The defendant was not insured under the workmen's compensation act, and he is thereby deprived of setting up contributory negligence, voluntary and contractual assumption of risk and the fellow servant rule. His other requests I deny because the rulings he thereby seeks are not available to him as a defense."

Defendant at the appropriate time filed the following motion for a new trial:

"The defendant respectfully requests that a new trial be granted him, and assigns as reason therefor:

"1. That the finding for the plaintiff is against the evidence.

"2. That the finding for the plaintiff is against the weight of the evidence.

"3. That the finding for the plaintiff is against the law.

"4. Because since the verdict was rendered the defendant has discovered new, material, and important evidence bearing upon the case, which evidence was unknown to him beyond his control before the verdict, and could not have been dis-

covered by him by the exercise of due diligence; and such new evidence is not cumulative of any introduced at the trial."

At the hearing on the motion defendant through his attorney offered to produce at a new trial, evidence that could have been produced and was not produced at the trial and argued that if the defendant had no defense of due care or contributory negligence, even if he had less than three employees, he would have prepared his case differently in that he would have made much greater effort to prove the presence of a guard which would be unnecessary if he had said defenses.

The court denied defendant's motion for a new trial. The case comes before this court upon defendant's claim of report to this division based upon the court's refusal to grant Requests for Rulings No. 3 to No. 11, inclusive, and upon the court's denial of defendant's motion for a new trial.

It is obvious that in order to recover plaintiff must prevail under Count 1 of his declaration inasmuch as Count 2 alleges that defendant had three or more employees which was not the fact, and in view of the fact that Count 3 proceeded under the provision of G. L. c. 153, known as the Employer's Liability Act which permits the negligence of a plaintiff to be set up in defense, and such negligence might well have been found in this case.

Count 1 proceeds on the simple theory of defendant's negligence. Plaintiff relies on G. L. c. 152, §§ 66 and 67, as amended. §66 is as follows:

"In an action to recover damages for personal injury sustained by an employee in the course of his employment or for death resulting from personal injury sustained, it shall not be a defense:

"1. That the employee was negligent;

"2. That the injury was caused by the negligence of a fellow employee;

"3. That the employee had assumed voluntarily or contractually the risk of the injury;

"4. That the employee's injury did not result from negligence or other fault of the employer, if such injury arose out of and in the course of employment."

§67 provides as follows:

§ sixty-six shall not apply to actions to recover damages for personal injuries sustained by domestic servants and farm laborers, nor to actions for such injuries received by employees of an insured person or a self insurer.

"Paragraph 4 of said § sixty-six shall not apply to actions to recover damages for personal injuries sustained by any person, whose employer has a right of election as provided in paragraph 4 of section one." G. L. c. 152, §1, (4), under the heading of definitions "Employee" states in part as follows:

"The provisions of this chapter shall remain elective as to the employers of the following: three or less persons or persons employed as domestic servants or farm laborers, persons employed by telephone companies subject to the Federal Communications Act and persons other than laborers, workmen and mechanics employed by religious, charitable or educational institutions."

The provisions of c. 152 were elective as to this defendant since he employed three or less persons. Therefore, paragraph 4 of §66, providing that the employee did not have to prove negligence of the employer, did not apply. This, however, left the employer without defense that the employee was negligent or that he had assumed the risk. In other words, all that plaintiff had to prove in this case was that defendant was negligent. The trial court found that defendant was negligent and entitled to recover.

The court's finding is supported by the following cases among others: *Tardiff v. Lynn Sand & Stone Co.*, 288 Mass. 472, 478, *Greem v. Cohen*, 298 Mass. 439, 444, *Rivers v. Krasowski*, 303 Mass. 409, 412, *Enga v. Sparks*, 315 Mass. 120. For further discussion of the intent and operation of the Working-

men's Compensation Act, see *Opinion of the Justices,* 309 Mass. 562, 568.

The acceptance by the court of plaintiff's letter is not ground for a new trial which, so far as the circumstances of this case go, was, as in the denial of the motion, within the discretion of the court. *Kinnear v. General Motors, Inc.,* 308 Mass. 345, 348, *Bartley v. Phillips,* 317 Mass. 39, 40-44, *Mitchell v. Silverstein,* 323 Mass. 239, 242.

There was no prejudicial error in the denial of defendant's Request's for Rulings and by denial of defendant's motion for a new trial.

*Report dismissed.*

George Karelitz, for the plaintiff.
Herbert W. Finbury, for the defendant.