AMOZ SMITH *vs.* ELLEN N. SMITH, executrix.

Bristol.　December 7, 1899. — March 3, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Will — Appeal — Suit by Creditor against Executor — Statute of Limitations.*

In case of an appeal from a decree of the Probate Court allowing a will, the two years, within which an executor shall be held to answer to the suit of a creditor of the deceased under Pub. Sts. c. 136, § 9, begin to run from the date when the decree of the Probate Court is affirmed.

CONTRACT, against the executrix of the will of John B. Smith. Trial in the Superior Court, without a jury, before *Hammond,* J., who ruled that the action was not barred by the special statute of limitations applicable to executors and administrators and found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Powers,* for the defendant.

*H. M. Knowlton,* for the plaintiff.

LORING, J. The sole question presented in this case is whether the plaintiff's right of action against the defendant

as executrix of the will of John B. Smith is barred by Pub. Sts. c. 136, § 9, providing that "No executor or administrator, after having given due notice of his appointment, shall be held to answer to the suit of a creditor of the deceased, unless such suit is commenced within two years from the time of his giving bond for the discharge of his trust, except as hereinafter provided."

The will of John B. Smith was allowed, and the defendant was appointed executrix thereof, by decree dated December 11, 1891; on the same day, the executrix gave bond for the discharge of her trust, and the bond was approved ; the defendant gave notice of her appointment within the time specified in the statute. On December 19, 1891, an appeal was taken to the Supreme Judicial Court from the decree allowing the will, and on February 7, 1893, the decree appealed from was affirmed. This suit was begun on January 23, 1895.

While the appeal was pending, that is, from December 19, 1891, until February 7, 1893, a period of thirteen months and nineteen days, there was no executor of the will of John B. Smith who could be sued, and no person who if sued had the right to defend the suit in behalf of his estate. The effect of an appeal from a decree of the Probate Court appointing an executor is to suspend the authority of the person appointed to act as such. Pub. Sts. c. 156, § 12. *Arnold* v. *Sabin,* 4 Cush. 46. In *Arnold* v. *Sabin* it was held that one who had been appointed in the Probate Court an administrator of an estate could not maintain a petition against a person suspected of concealing property of the deceased, while an appeal was pending from the order appointing him administrator ; and it was so held on the ground that "by the appeal from the decree of the judge of probate appointing Sabin administrator, his authority as such administrator was suspended." 4 Cush. 46, 47. To the same effect see *Boynton* v. *Dyer,* 18 Pick. 1, 4 ; *Dunham* v. *Dunham,* 16 Gray, 577 ; *Gale* v. *Nickerson,* 144 Mass. 415, 416. The statute in force when *Arnold* v. *Sabin* was decided, (Rev. Sts. c. 83, § 43,) was amended by St. 1860, c. 189 ; but it was held in *Dunham* v. *Dunham,* 16 Gray, 577, 579, that the effect of the statute in this connection was not changed by the amendment.

While the appeal is pending the power of the executor is sus-

pended; any acts done by the executor before the appeal is taken are good. *Dunham* v. *Dunham,* 16 Gray, 577. When the decree is affirmed on appeal, the decree allowing the will " shall [in the words of the statute] thereafter be of full force and validity." Pub. Sts. c. 156, § 12.

Though it is not necessary to decide that point in this case, yet it is desirable to lay down in this connection a definite rule, easy of application, and we are of opinion that the two years begin to run from the date when the decree of the Probate Court is affirmed. It would perhaps be more logical to hold that the time during which the powers of the executor or administrator are suspended should be excluded, and that the time before and after that period should be added to each other in determining whether the two years have run in a particular case. But the statute contemplates the two years running continuously, and the rule which we have laid down is in accordance with the policy of Pub. Sts. c. 136, § 17, which provides that, in case an administrator or executor dies, resigns, or is removed, and a new administrator is appointed, a creditor shall have two years in which to bring suit after the new administrator has given bond for the discharge of his trust, unless the action had been barred prior to the termination of the previous administration. The conclusion to which we have come is supported by the opinion of Story, J., in *Trecothick* v. *Austin,* 4 Mason, 16, 25–29.

*Exceptions overruled.*