### DONALD H. FAY *vs.* TEMPLE H. FAY, JR.

Middlesex. February 8, 1938. — March 3, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Executor and Administrator*, Accounts, Foreign. *Probate Court*, Jurisdiction, Accounts. *Jurisdiction*, Nonresident fiduciary.

Upon failure of an administrator to account, the next of kin had the remedy, among others, of seeking to have the Probate Court state an account and make appropriate decrees under G. L. (Ter. Ed.)

c. 206, § 4, for the payment of the sum with which the administrator should be charged.

The Probate Court has jurisdiction to state an account for an administrator appointed by it and to charge him thereon, though he is a nonresident and has not appointed a resident agent for the service of process.

PETITION, filed in the Probate Court for the county of Middlesex on June 1, 1936, by one of the next of kin of Temple H. Fay, for the allowance of an account filed by him in the name of the administratrix.

The respondent, another next of kin, moved that the account be struck from the records. *Beane*, J., denied the motion and reported his action to this court for determination.

The case was submitted on briefs.

*G. Newhall*, for Cudworth, guardian.

*A. G. Carver & A. E. McCleary*, for Donald H. Fay.

DOLAN, J. An interlocutory decree was entered in the Probate Court denying the motion of the guardian of the respondent minor that a paper alleged to be the first account of Mabel H. Fay, administratrix of the estate of Temple H. Fay, late of Watertown, be struck from the records. At the request of the parties the judge reported his action in the matter for the determination of this court. While not phrased with exactness we treat the report as properly before us under G. L. (Ter. Ed.) c. 215, § 13.

Temple H. Fay, late of Watertown, died intestate on November 14, 1921, leaving a widow, Mabel H. Fay, and four minor children. One Cudworth was appointed guardian of the four minor children of the deceased, among whom were Donald H. Fay and the respondent Temple H. Fay, called junior. Upon the assent of the guardian the widow was appointed administratrix of the estate of the deceased on December 22, 1921, without giving any surety on her official bond. She duly qualified as administratrix and on July 6, 1922, filed an inventory showing personal property valued at $50,526.17 and real estate valued at $7,102.38. She has lived in New York for several years, has not caused to be filed any appointment of an agent for service as

required under G. L. (Ter. Ed.) c. 195, § 8, has never filed an account as obligated by the conditions of her bond, G. L. (Ter. Ed.) c. 205, § 1 (2), First–Third; c. 206, § 1, and has not complied with a specific order of the court that she do so on or before May 22, 1936.

The children of the deceased are now of age with the exception of the respondent, who is still a minor under the guardianship of Cudworth. On June 1, 1936, Donald H. Fay, a son of the deceased, filed an account of the administration of the estate. The account is described as that of Mabel H. Fay, the administratrix, and covers the period from December 22, 1921, to December 22, 1922. It is signed "Donald H. Fay On behalf of the Administratrix" and is sworn to by him. Its figures are based on information derived from an affidavit filed by the administratrix, with the commissioner of corporations and taxation, in connection with the determination of the inheritance taxes due from her on account of her share in the estate of the deceased. We infer that the action of Donald H. Fay in filing the account was taken to compel an adjudication of the subject matter and not as a partisan of the administratrix. The record does not disclose whether any of the personal property of the estate is now within the Commonwealth or whether the administratrix has property of her own in the Commonwealth sufficient to satisfy any judgment or decree that might be rendered against her in an action or petition in equity on her bond or otherwise.

The guardian of the respondent appeared specially "for the sole purpose of objecting to the right or propriety" of the court "to receive or consider any such paper" as the purported account of the administratrix, and moved that "said paper be stricken from the records." After hearing the judge denied the motion. See *Madden* v. *Madden,* 279 Mass. 417, 424.

The respondent's contention that the remedy in the circumstances of the case is by removal of the administratrix, the appointment of a succeeding administrator and a proceeding by the latter on the bond of the administratrix, cannot be sustained. Such proceedings are not exclusive

remedies. It is the duty of the administratrix to settle her account in the Probate Court. (G. L. [Ter. Ed.] c. 206, § 1.) As she has neglected and refused to do so, it is the right of the petitioner to petition the Probate Court to state her account. The petitioner is not obliged to seek the removal of the administratrix and the appointment of a succeeding administrator, see *Choate* v. *Arrington,* 116 Mass. 552, 556; nor is he obliged to seek a remedy by an action on the bond in the Superior Court (G. L. [Ter. Ed.] c. 205, § 23; c. 206, § 18), or in the alternative by a petition in equity thereon in the Probate Court. (G. L. [Ter. Ed.] c. 205, § 7A.)

Under G. L. (Ter. Ed.) c. 206, § 4, which was originally enacted as St. 1915, c. 151, § 3, the Probate Court in settling the account of an administrator has authority to direct him to pay any moneys or property with which he may be charged into a proper account in such manner that the same shall be in the control of the persons entitled thereto, "and the proceedings upon every such account shall be considered for all purposes to be proceedings in equity, and orders and decrees of the court therein shall be enforceable accordingly, and execution may issue for any such moneys against the fiduciary personally as upon a judgment at law in favor of the persons entitled to the control thereof, or any of them, for the benefit of all." Under the authority thus conferred an accounting and distribution and effective orders for the payment of distributive shares may be had in the one proceeding in the appropriate court. We think that the provisions of § 4 apply as well where the court states the account upon the neglect and refusal of the administrator to do so as in case of an account rendered by the administrator himself, and that the petitioner is entitled to avail himself of the benefits of that section and to have the account of the administratrix stated by the court. He could secure nothing by an action or petition in equity on the bond without sureties that cannot be accorded him in proceedings under § 4.

The question raised by the respondent, whether the Probate Court can itself state the account of an adminis-

tratrix, who is without the Commonwealth and who refuses to account, has never been actually decided by this court, but in *Murray* v. *Wood,* 144 Mass. 195, at page 197, the court said: "It is probably true that, if he [the guardian] neglects or refuses to render any account, the Probate Court can still proceed to take an account, and determine how much is due from him, even if he is beyond the reach of process." We think that is a correct statement of the law. The power of the appointing court over an absent administrator is based on the principle that "The administrator upon qualifying becomes an officer of the court, and remains subject to its jurisdiction not only until he has been discharged by the court but until all right of appeal has passed by the law of the state." 3 Beale, Conflict of Laws, § 518.1. He is "subject to the jurisdiction of the court under whose direction he is administering the estate until he has rendered a final account . . . and he can be ordered to pay to the court or a successor appointed by the court a balance for which he is accountable, even though he is at the time absent from the state." Am. Law Inst. Restatement: Conflict of Laws, § 518. (It will be observed, however, that under the provisions of G. L. [Ter. Ed.] c. 206, § 4, the power in our probate courts is not restricted to a payment into court, or to a succeeding administrator, but the payment may be ordered to be made to the persons entitled. That section does not contemplate the removal of an administrator as a condition precedent to proceedings under it.) The principles thus stated are sustained by decisions of recognized authority. The court in discussing the subject matter in *Michigan Trust Co.* v. *Ferry,* 228 U. S. 346, speaking through Holmes, J., at page 353, said: "It is within the power of a State to make the whole administration of the estate a single proceeding, to provide that one who has undertaken it within the jurisdiction shall be subject to the order of the court in the matter until the administration is closed by distribution, and, on the same principle, that he shall be required to account for and distribute all that he receives, by the order of the Probate Court." In that decision the court

held that where there is submission to the jurisdiction in the first instance "we dispense with the necessity of maintaining the physical power and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not" (page 353), and sustained the validity of a decree entered in the Probate Court of one State in settling itself an account, in the absence of an executor, appointed by it, who had removed to another State and who had failed to account after an order to do so was served on him in the latter State. The same result was reached in *Moore* v. *Fields*, 42 Penn. St. 467 (1862), where at page 473 the court said: ". . . in the case of these defendants [domiciled in Philadelphia] the surrogate [New York] had jurisdiction from the time he granted the letters of administration [to them], and it was their legal duty to appear and settle their accounts without any summons whatever from the surrogate. The fact that his notice reached them in Pennsylvania was not, in our judgment, a circumstance of any importance." See also *Fitzsimmons* v. *Johnson*, 90 Tenn. 416.

We are of opinion that it is within the authority of the Probate Court in the circumstances of the present case, on application by the petitioner or any other person interested in the estate of the deceased, after notice to the administratrix and all other persons interested, and after hearing such competent evidence as may be presented, to state the account itself and to charge the administratrix with whatever may be found due from her and to direct the payment thereof to the persons who may be entitled thereto. That the Probate Court may have difficulty in enforcing a decree thus made, while the administratrix remains out of the Commonwealth, does not affect its validity. *Michigan Trust Co.* v. *Ferry*, 228 U. S. 346, 355–356.

The account offered by the petitioner is not that of the administratrix. It is not sworn to by her as required by G. L. (Ter. Ed.) c. 205, § 1 (2) Third. While stated to be rendered in her behalf by the petitioner, he presents it not in her interest but as an adversary. It is true that in the case of *Stevens* v. *Ottawa Probate Judge*, 156 Mich. 526, the

court, at page 534, said: "If an executor or administrator refuses to file an account, it is proper for those interested to ascertain, so far as they can, the amount of property that came into his hands, and to state an account for him." There is also authority that after an administrator has been cited to account and notice thereof has been served on him in a foreign State, the surrogate may proceed without further notice to state the administrator's account, and that the orders made thereon are valid and enforceable against the administrator where found. *Moore* v. *Fields*, 42 Penn. St. 467. Without deciding or intimating that the Probate Court could not adopt the procedure last referred to, we think that it will be better to follow that which we have indicated to be appropriate.

The decree of the Probate Court is reversed and a final decree is to be entered that the purported account be struck from its records, but without prejudice to the rights of the petitioner or other persons interested in the estate of the deceased to petition that court to state the account of the administratrix.

*Ordered accordingly.*