DONALD H. FAY *vs.* MABEL H. FAY, administratrix, & others.

Middlesex. December 6, 1938. — February 1, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Probate Court,* Accounts, Appeal. *Guardian,* Of minor. *Executor and Administrator,* Accounts.

An appeal by a guardian of a minor next of kin from a decree stating an account of an absent delinquent administrator, entered in the Probate Court after a hearing in which an offer by the guardian to show that the administrator with his consent had made certain payments for the benefit of his ward, was treated by this court as an appeal of the guardian in his own behalf.

A Probate Court, upon an application for a statement by the court of an account of an administrator who has failed to comply with an order of the court directing filing of an account, should state the account as of the date of the statement and not as of a date one year from the appointment of the administrator.

At the hearing by a Probate Court of a petition seeking a statement by the court of an account of a delinquent administrator, a guardian of a minor next of kin should have been permitted to show that the administrator with his consent had made payments for the benefit of his ward.

PETITION, filed in the Probate Court for the county of Middlesex on March 28, 1938.

From a decree entered after a hearing by *Leggat*, J., Luther P. Cudworth as guardian appealed.

The case was submitted on briefs.

*G. Newhall*, for the respondent Cudworth.

*A. E. McCleary*, for the petitioner.

DOLAN, J. Temple H. Fay, late of Watertown, died intestate on November 14, 1921, leaving a widow, Mabel H. Fay, and four minor children of whom the respondent Cudworth was appointed guardian, giving bond with a surety company as surety. Upon his assent as guardian, the widow was appointed administratrix of the estate of the deceased without giving any surety upon her official bond. On July 6, 1922, she filed an inventory showing personal property valued at $50,526.17, and real estate valued at $7,102.38. She has resided in New York for several years and has never filed an account, although ordered so to do. On June 1, 1936, the present petitioner, a son of the deceased, filed an account purporting to be that of the administratrix, the purpose of which was to compel an adjudication of the subject matter. The judge denied a motion of the present respondent Cudworth to strike this paper from the records and reported his action for the determination of this court. That matter was considered by us in the case of *Fay* v. *Fay*, 299 Mass. 608, and it was there held that the petitioner could not state the account of the administratrix, but that it was the duty of the Probate Court to state the account itself "on application by the petitioner or any other person interested . . . and after hearing such competent

evidence as may be presented . . . to charge the administratrix with whatever may be found due from her and to direct the payment thereof to the persons who may be entitled thereto." (Page 613.) After this decision the petitioner filed in the Probate Court the petition which is now before us, and in which he prayed that the "court proceed to state the account of said administratrix and to charge . . . [her] with whatever may be found due from her, and that said account be stated as of the 22nd day of December 1922 said date being one year from the date of her appointment."

After hearing, the judge stated the account as of the date suggested by the petitioner, in which he charged the administratrix in schedule A with the personal property left by the deceased at its inventory value, allowed her a certain sum as expended for debts and charges of administration, and a third of the balance then remaining as her distributive share, leaving a balance of $27,027.08 which he set forth as "Balance due children." The judge entered a decree accordingly.

The respondent Cudworth, guardian of Temple H. Fay, junior, a minor son of the deceased, appealed from this decree in his own name and requested the judge to report the material facts found by him. The latter complied with this request but stated that he did so "Although the guardian does not appear to be aggrieved by the . . . decree." In addition to facts which we have already recited the report discloses that, at the hearing before the judge, counsel, whose appearance was on file for the guardian, said that he represented the surety company that is surety on the bond of Cudworth as guardian; that another counsel also entered his appearance for the guardian; and that both stated that they also represented the administratrix but filed no appearance in her behalf. These counsel "stated that their clients were not present in court and that they had no witnesses present." The evidence is not reported under G. L. (Ter. Ed.) c. 215, § 12, but it appears from the report of material facts that the only evidence upon which the judge acted was that presented by the petitioner, which consisted of

the inventory of the estate of the deceased as filed by the administratrix, a tax receipt for $158.81 acknowledging payment in full of the inheritance tax upon the widow's share, and evidence "that the affidavit of debts and expenses filed with the tax commissioner showed expenditures totalling $9,985.55." The report further discloses that "counsel for the guardian offered to show that the administratrix had expended sums of money over a period of years for education and maintenance of the wards, with the consent of the guardian." The judge excluded this evidence on the ground that it was a matter that would properly arise on settlement of the guardian's account, and was not then pertinent, as the prayer of the petition was to state the account as of one year from the date of appointment of the administratrix.

In the light of the record the appeal of Cudworth must be interpreted to be one in his own behalf. *Madden* v. *Madden*, 279 Mass. 417, 424, and cases cited. But in view of his obligations under the conditions of the bond given by him as guardian of the children of the deceased, he "has . . . official duty resting upon him, affected by the decree," *Monroe* v. *Cooper*, 235 Mass. 33, 34, *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15, 16, which states the account as of December 22, 1922, and finds the balance as due to the children, of all of whom he was, and of one of whom he is still, guardian, and to all of whom he will be liable to respond on his bond for any loss sustained by them by reason of his failure to be vigilant in collecting from the estate of the deceased that which was properly due them. We think that he was entitled to have an adjudication of what was due, from the administratrix to the children of the deceased, when the account was stated by the judge.

The account stated does not comply with what is said in *Fay* v. *Fay*, 299 Mass. 608, 613. It does not determine the amount due from the administratrix in the present, but only what the balance in her hands was on December 22, 1922. In the case just referred to any right of the petitioner to state the account of the administratrix was denied, and the duty of stating the account in the

circumstances was placed upon the Probate Court itself. Nothing said in that case can be construed to permit the petitioner by the prayer of his petition or otherwise to limit the accounting to be stated by the court to a time long since past, rather than as of the present. The prayer of the petition that the Probate Court state the account of the administratrix and charge her "with whatever may be found due from her" was broad enough to permit the probate judge so to do without reference to the qualifying prayer that the account be stated as of December 22, 1922. The duty placed upon the judge by the former decision of this court, before referred to, was expressed to be to state the account himself, to "charge the administratrix with whatever may be found due from her and to direct the payment thereof to the persons who may be entitled thereto."

It seems clear that the account stated by the judge in the instant case does not accomplish these ends so essential to the final determination of the rights of the parties concerned. We think that the account should have been so stated as to determine what was due from the administratrix at the time when it was stated, and that, to avoid circuity of action, the appellant Cudworth should have been permitted to show that payments had in fact been made by the administratrix for the benefit of the children, with his consent as guardian. *Bennett* v. *Overing*, 16 Gray, 267.

The decree of the Probate Court stating the account as of December 22, 1922, is reversed. The case is remanded to the Probate Court to state the account and to charge the administratrix with that which may be found to be presently due from her, and for such other proceedings as may be appropriate in view of what is here said.

*Ordered accordingly.*