JOSEPH FISHER *vs.* JOSEPH CIARAMITARO.

Essex.   November 8, 1962. — December 4, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Employer's Liability,* Hazardous employment, Carpenter.   *Agency,* What constitutes, Independent contractor.

Evidence warranted findings that renting of apartments in apartment buildings with attendant maintenance of the buildings was a usual business of their owner, not a subscriber under the Workmen's Compensation Act, that a carpenter hired by the owner to work on the buildings was an employee in such business and not an independent contractor, that an injury sustained by the carpenter when he fell off the roof of one of the buildings while at work arose out of and in the course of his employment, and that a determination by the Commissioner of Labor and Industries that carpentry was a "hazardous employment" was in effect at the time of the accident; and on such findings the carpenter had a cause of action for his injury against the owner under G. L. c. 152, §§ 1 (4), 66, 67, even though the injury did not occur through any fault of the owner.

TORT.   Writ in the District Court of Eastern Essex dated October 1, 1959.

Upon removal to the Superior Court, a demurrer was overruled by *Good,* J., and the action was tried before *Macaulay,* J.

*Philip D. Epstein* (*Louis Albert* with him) for the defendant.

*Merrill B. Nearis* for the plaintiff.

SPIEGEL, J.   This is an action of tort in which the plaintiff seeks to recover damages for personal injuries received by him while working on the defendant's property.   The declaration was in three counts.   The first was in tort for negligence; the second appears to be in "tort or contract" for negligence.   The third count alleges, in substance, that the plaintiff was injured in the course of his employment for the defendant, that carpentering has been deemed hazardous employment by the Commissioner of Labor and Indus-

tries thus requiring the defendant to subscribe to the Workmen's Compensation Act, and that the defendant did not so subscribe. The defendant appealed from an order overruling a demurrer to the declaration. G. L. c. 231, § 96. At the conclusion of the evidence the defendant moved for a directed verdict on all three counts. The judge allowed the motion as to counts 1 and 2 and the case was submitted to the jury on count 3 under leave reserved. The jury found for the plaintiff and the defendant duly excepted to the denial of his motion for a verdict on count 3 under leave reserved. The case is here on report by the trial judge.

As will appear from the subsequent discussion, count 3 stated a cause of action and, therefore, the defendant's demurrer thereto was properly overruled.

We state the evidence most favorable to the plaintiff. The defendant owns and operates a grocery store. In addition he is the owner of several tenement houses in Gloucester. Since 1946 he has been engaged in the business of renting apartments in these houses. He collects the rents, maintains the premises, and does "all the things" normally expected of a landlord. The plaintiff, a carpenter seventy-four years of age in 1959, worked for the defendant on different occasions for several years and in the course of this work the defendant furnished ladders for the jobs while at "other times" the plaintiff furnished his own ladders. On "occasions" he worked for the defendant "by the hour and other times by contract." There were "times" when the plaintiff was "told" by the defendant to order materials in the defendant's name.

In March of 1959, the plaintiff "did work" for the defendant following a "talk" between the two. During this conversation the defendant told the plaintiff he "would get somebody to help" him "do work as a carpenter on a tenement house owned by the defendant on Centennial Avenue, in Gloucester." He informed the plaintiff that "there's a man there that" would show him just what there was to be done. The plaintiff told the defendant he charged $2.25 an hour and the defendant said, "All right." After having

been shown ''over'' the premises by a plumber, the plaintiff did general carpenter work there together with two other carpenters. He completed his work on the Centennial Avenue property on the morning of April 15, 1959, at which time the defendant ''told'' him to fix some leaks in the roof of another house owned by the defendant and located on Riggs Street in Gloucester. The plaintiff went there with another worker, who supplied the ladders. Sometime that afternoon, ''by the defendant's order,'' the plaintiff went up on the roof of the Riggs Street house. While there he reached to pick up a ''ten inch wrecking bar'' and, as he did, slipped and fell. He ''managed to grab the gutter'' on a house about four feet away but the gutter gave way and he fell eighteen or twenty feet to the ground. He did not know what caused him to slip.

It is uncontested that at this time the defendant was not a subscriber to the Workmen's Compensation Act. A document dated June 19, 1961, was introduced in evidence in which the Commissioner of Labor and Industries certified that the occupation of carpenter was, on January 11, 1957, ''determined to be hazardous employment'' and that such determination ''has been in effect since that date and is still in effect.''

General Laws c. 152, § 66, as amended through St. 1943, c. 529, § 9A, provides: ''In an action to recover damages for personal injury sustained by an employee in the course of his employment or for death resulting from personal injury so sustained, it shall not be a defense: . . . 4. That the employee's injury did not result from negligence or other fault of the employer, if such injury arose out of and in the course of employment.'' Although G. L. c. 152, § 67, renders clause 4 of § 66 inapplicable in suits against employers who have a right of election under G. L. c. 152, § 1 (4), it is clear that where employment is determined to be hazardous by the Commissioner of Labor and Industries there is no right of election. G. L. c. 152, § 1 (4) (d). The result of the above is that there is a cause of action by an employee sustaining an injury ''in the course of his employ-

ment" that is a "direct result" of such employment though not a "direct result of any negligence on the part of the employer." *Opinion of the Justices,* 309 Mass. 571, 598. It was not necessary to allege negligence on the part of the defendant in count 3 of the plaintiff's declaration in order to set out a cause of action.

We are of opinion that on the evidence a jury could reasonably have found that such renting of houses with its attendant maintenance of the premises was a usual trade or business of the defendant; that the plaintiff was hired as an employee and not as an independent contractor in such business; and that, in the course of his employment, the plaintiff sustained his injury as a direct result of that employment. There was no error in the denial of the defendant's motion for entry of a verdict under leave reserved.

> *Judgment for the plaintiff on the verdict on count 3.*