ANDREW PAANANEN *vs.* WILLARD A. RHODES.

Plymouth.    November 21, 1972. — December 29, 1972.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Employer's Liability,* Hazardous employment, Carpenter. *Evidence,* Judicial notice, Regulation. *Practice, Civil,* Ordering judgment.

At the trial of an action based on G. L. c. 152, § 66, as amended, by an employee to recover for injuries received in the course of his employment by the defendant, who was not insured under the Workmen's Compensation Act, the introduction in evidence of a publication entitled "Hazardous Employments on all types of *Construction Projects* as determined by the Commissioner of the Department of Labor and Industries under" c. 152, and which listed the occupation of "Landscaper," "Carpenter and Joiner", but which did not purport to be a regulation filed under c. 30A, § 5, and evidence that on the date of the injuries the plaintiff was "working as a landscaper and

carpenter" and slipped while cutting bushes did not indicate that his employment was in any way connected with a construction project, and did not warrant a verdict for the plaintiff. [14-15]

This court declined to take judicial notice of an administrative regulation, the applicability of which a party to the action had not had an opportunity to litigate. [15]

Where evidence at the trial of an action under G. L. c. 152, § 66, as amended, by an employee against his employer left it questionable whether the plaintiff's injury when he slipped while cutting bushes was connected with his employment "as a landscaper and carpenter" at a girls camp, this court in the circumstances ordered judgment for the defendant rather than a new trial. [15-16]

TORT. Writ in the Superior Court dated January 4, 1965.

The action was tried before *Spring*, J.

*Charles R. Desmarais* for the defendant.

*Reubin M. Winokur* (*Lawrence I. Winokur* with him) for the plaintiff.

GOODMAN, J.    In this action of tort the plaintiff, Andrew Paananen, sought to recover under a declaration alleging that on January 16, 1963, he was employed by the defendant to do carpentry work, logging and landscaping work at a girls camp in Hanson, Massachusetts; that he was injured in the course of his employment; that this work had been determined to be hazardous employment by the Commissioner of the Department of Labor and Industries; and that the defendant was not insured under the Workmen's Compensation Act as required by law. The action is based on G. L. c. 152, § 66, as amended through St. 1959, c. 478, under which proof of negligence is not required. See *Opinion of the Justices*, 309 Mass. 571, 598.[1]

The case was submitted to a jury after the defendant's motion for a directed verdict was denied; the jury returned a verdict for the plaintiff. The issue before us is the

---

[1] The plaintiff's declaration originally entered on January 4, 1965, alleged an injury in Vermont on June 29, 1962. Subsequently on April 22, 1966, the declaration was amended by adding a second count alleging the injury at the Hanson camp. The case was transferred to the Third District Court of Plymouth on March 31, 1967 (see G. L. c. 231, § 102C, as amended through St. 1962, c. 305). There was a finding for the defendant, and the case was retransferred to the Superior Court. Prior to actual trial in the Superior Court, the plaintiff waived the count based on the Vermont injury.

sufficiency of the evidence. We deal with only one aspect of the case.

The plaintiff alleged and had the burden of establishing (*Ferris* v. *Grinnell,* 353 Mass. 681, 683; *Sullivan* v. *Quinlivan,* 308 Mass. 339) that the Commissioner of Labor and Industries had determined the plaintiff's employment to be hazardous and therefore all "employees therein [were] . . . required to be covered . . .." G. L. c. 152, § 1 (4) (c), as amended through St. 1960, c. 306. For this purpose there was introduced in evidence a publication entitled, "HAZARDOUS EMPLOYMENTS on all types of Construction Projects as determined by the Commissioner of the Department of Labor and Industries under the provisions of Paragraph (d),[2] of Definition (4), of Section 1, of Chapter 152, of the General Laws, as amended by Chapter 680, of the Acts of 1956" (underlining in original). This title is followed by a list which includes (among other occupations) "Landscaper," "Carpenter and Joiner" and indented under the latter classification: "Floor Layer Carpenter," "Shop & Mill Carpenter," and "Wharf & Bridge Carpenter." Each page of the list has a two-line caption: "Construction Projects" and, directly below, "Hazardous Occupations." The document bears a date, January 11, 1957, and a notation that the publication was approved by the State Purchasing Agent.

However, all that appears in the bill of exceptions as to the plaintiff's employment on the date when he was injured is his testimony that he was ". . . working as a landscaper and carpenter, was walking on a steep bank next to a pond where there were some bushes and trees and he was going to get them cleaned up . . .." He slipped while cutting bushes. There is nothing in the bill of exceptions to indicate that the plaintiff's employment was in any way connected with a construction project as that term is ordinarily used. For this reason the defendant's exceptions must be sustained.

We are aware of *Fisher* v. *Ciaramitaro,* 345 Mass. 199,

---

[2] Redesignated "c" by St. 1960, c. 306.

201, in which the plaintiff proved the requirement of coverage and retained a verdict in an action under G. L. c. 152, § 66, on the basis of a document dated June 19, 1961, in which the Commissioner of Labor and Industries certified that the occupation of carpenter was on January 11, 1957 (the date on the document introduced in this case), "determined to be hazardous employment," and that such determination had "been in effect since that date and . . . [was] still in effect." In that case the plaintiff was a carpenter and was injured while fixing leaks on the roof of a house. The Commissioner's certification seems to have been accepted by both parties in lieu of the regulation which was apparently not in evidence.

In this case the publication introduced in evidence does not purport to be the exact determination as made by the Commissioner of Labor and Industries and filed with the Secretary of State as a regulation pursuant to G. L. c. 30A, § 5 (see G. L. c. 30A, § 1 (5) ).[3] The regulation itself is not before us, and we generally do not take judicial notice of administrative regulations. *Building Inspector of Wayland* v. *Ellen M. Gifford Sheltering Home Corp.* 344 Mass. 281, 285. *Finlay* v. *Eastern Racing Assn., Inc.* 308 Mass. 20, 26-27. *Passanessi* v. *C. J. Maney Co. Inc.* 340 Mass. 599, 604. But see *Gentile, petitioner,* 339 Mass. 319; *Commonwealth* v. *Berney,* 353 Mass. 571; *Commonwealth* v. *Minicost Car Rental, Inc.* 354 Mass. 746. We are particularly reluctant to do so in this case since the defendant has not had an opportunity to litigate the applicability of the regulation itself, the meaning of which "might depend on the precise wording." *Passanessi* v. *C. J. Maney Co. Inc.* 340 Mass. 599, 604.

In deciding whether in our discretion to order judgment for the defendant or grant a new trial (G. L. c. 231, § 122;[4]

---

[3] See 1962 Report of the Attorney General, page 54 (referring to the Commissioner of Labor and Industries, and his duties under G. L. c. 152, § 1, in the Schedule of Agencies subject to the State Administrative Procedure Act).

[4] Section 122 applicable by its terms to the Supreme Judicial Court is made applicable to the Appeals Court by G. L. c. 211A, § 5 (inserted by St. 1972, c. 740), and reads as follows: "The appeals court shall be vested with all powers and

*Vallavanti* v. *Armour & Co.* 264 Mass. 337, 341-342) we have taken into consideration the history of the litigation and that it is questionable whether the plaintiff proved that his injury was connected with his employment at the Hanson camp. Under all the circumstances, judgment should be entered for the defendant.

In view of our decision, it is unnecessary to deal with the defendant's exception to the trial judge's refusal to hear the defendant's motion for a new trial on the ground that the defendant had declined to waive his bill of exceptions.

*Exceptions sustained.*

*Judgment for the defendant.*

---

authority necessary to carry into execution its judgments, decrees, determinations and orders in matters within its jurisdiction according to the rules and principles of common law and the Constitution and laws of the commonwealth, and subject to the appellate jurisdiction, supervision and superintendence of the supreme judicial court." See § 10 granting to the Appeals Court, ". . . concurrent appellate jurisdiction with the supreme judicial court, to the extent review is otherwise allowable . . .."