MADELINE M. ROONEY *vs.* RICHARD M. SLETTERINK, executor.

Middlesex.    November 13, 1975. — March 8, 1976.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Executor and Administrator,* Short statute of limitations. *Practice, Civil,* Short statute of limitations, Proceedings after rescript. *Appeals Court,* Rescript. *Limitations, Short Statute of.*

Where a decree of a Probate Court, naming the defendant as executor of a will, was affirmed by this court on March 7, 1973, an action of contract for services rendered by the plaintiff to the decedent prior to his death, which was served on the defendant on March 14, 1974, was not barred by the short statute of limitations, G. L. c. 197, § 9. [125-127]

CONTRACT.    Writ in the Superior Court dated March 11, 1974.

A motion for summary judgment was heard by *Beaudreau,* J.

*Paul F. X. Powers* for the plaintiff.
*Paul C. Kilian* for the defendant.

GOODMAN, J.    On March 7, 1973, this court affirmed the decree of a Probate Court entered April 14, 1971, which had allowed a will and appointed the defendant herein as executor. *Sletterink* v. *Rooney,* 1 Mass. App. Ct. 809 (1973). (On the latter date the executor's bond had been approved.) On March 14, 1974, the defendant was served with a writ (dated March 11, 1974, and received by a deputy sheriff for service on March 12, 1974) in an action of contract for services rendered by the plaintiff to the decedent prior to his death. A claim was filed in the Probate Court on March 15, 1974. The defendant moved for summary judgment on the ground that the action was barred by the short statute of limitations (G. L. c. 197, § 9, as amended through St. 1954, c. 552, § 1). At the time of the decedent's death on July 31, 1968, this statute required that such actions be brought within one year from the executor's "giving bond for the performance of his trust."[1] See Newhall, Settlement of Estates (4th ed.), § 189, p. 546, fn. 1. The motion was allowed, and the plaintiff appealed from the judgment dismissing the action. We hold that the defendant was not entitled to summary judgment because the applicable one year statutory period had not run by March 14, 1974.

The decree of a Probate Court is "stayed [upon appeal] until the determination thereof by the supreme judicial court; but if, upon such appeal, such act is affirmed, it shall thereafter be of full force and validity." G. L. c. 215, § 22. (Contrast § 23 and § 24, appeals from probate decrees in equity and in divorce, separate support, and custody cases.) See *Smith* v. *Smith,* 175 Mass. 483, 484-485 (1900), in which the Supreme Judicial Court held that the short statute of limitations was suspended during the pendency

---

[1] The short statute was subsequently amended by St. 1971, c. 548, § 1, to shorten the applicable period from one year to six months; by § 2 it was made to "apply only to estates of persons dying on or after [January 1, 1972]...." For completeness we note St. 1972, c. 256, which increased the period from six months to nine months. The 1972 statute is described in its title as "[a]n Act extending the time for the bringing of certain actions...", referring presumably to the actions provided for in the 1971 statute.

of an appeal from a decree allowing a will and appointing an executor, since the executor could not be sued during that period. The court further decided that because of the desirability of a rule which can be easily applied the short statute should begin to run anew for the entire period when the Probate Court decree was affirmed by the Supreme Judicial Court.[2]

Ordinarily, statutes which were in effect prior to the establishment of this court (see G. L. c. 211A, inserted by St. 1972, c. 740) and which are related to proceedings on appeal to the Supreme Judicial Court, are applicable to this court. See *Paananen* v. *Rhodes,* 1 Mass. App. Ct. 12, 15-16, fn. 4 (1972). However, we cannot equate the determination by this court of an appeal with the "determination thereof by the supreme judicial court" (G. L. c. 215, § 22). Prior to Mass.R.A.P. 23,[3] 365 Mass. 872 (1974), effective on July 1, 1974, the determination of the Supreme Judicial Court, embodied in its rescript and opinion or in its rescript, issued immediately and, unless it was otherwise ordered, became effective immediately as a basis for the entry of an appropriate decree in the trial court. This was never the case with a rescript issued by this court. See G. L. c. 211A, § 11. Rule 3:24, § 7(7), of the Supreme Judicial Court, 359 Mass. 840 (1972), contemplated that the rescript of this court would be sent to

---

[2] Compare *Cole* v. *Violette,* 319 U.S. 581 (1943), in which the Supreme Court of the United States held that the three-month period provided for an appeal from the Supreme Judicial Court began to run on the date of the rescript by the Supreme Judicial Court. The Supreme Court characterized the rescript as "an order of the court, and one which finally disposed of all the issues in the case, leaving nothing to be done but the ministerial act of entering judgment in the trial court." See *Edgecomb* v. *Edmonston,* 258 Mass. 568 (1927), and the discussion in *Carilli* v. *Hersey,* 303 Mass. 82 (1939), of various distinctions between the rescript of the Supreme Judicial Court and a decree after rescript in connection with an attempt to appeal such a decree.

[3] It should be emphasized that the result in this case is not governed by the Massachusetts Rules of Appellate Procedure, and we express no opinion as to their operation in the circumstances of this case. The rule here relevant is S.J.C. Rule 3:24, § 7, adopted November 27, 1972, and prior to the December 30, 1974 amendment. See 359 Mass. 833, 834 (1972), and footnote thereon.

the trial court immediately, as in the case of a rescript of
the Supreme Judicial Court. But that rule was designed
to maintain the status quo until at least "fifteen days after
the latter [the trial] court receives the rescript from the
Appeals Court." A case was not "ripe for judgment or the
entry of a final decree in the trial court" until the expira-
tion of that period or the final disposition of an application
for further review; and, indeed, if such an application was
granted, the rescript of this court was nullified. See e.g.
*Ford* v. *Flaherty,* 364 Mass. 382, 388 (1973); *Miller* v.
*Federated Dept. Stores, Inc.* 364 Mass. 340, 351 (1973).

Accordingly, in applying G. L. c. 215, § 22, to a "deter-
mination" by this court, the statute had to be read in the
light of Rule 3:24 which contemplated that the determina-
tion be inoperative for at least fifteen days. Thus, the stay
occasioned by the appeal from the Probate Court contin-
ued, and the defendant could not have been sued as execu-
tor earlier than fifteen days after March 7, 1973. The re-
quirements of the short statute, G. L. c. 197, § 9, were
complied with by March 14, 1974, well before the expira-
tion of one year after March 22, 1973.[4]

*Judgment reversed.*

---

[4] We need not concern ourselves with the other argument of the
plaintiff that the short statute was tolled by the failure of the defend-
ant (who resided in New Hampshire) to appoint, prior to July 18,
1974, an agent for service in accordance with G. L. c. 195, § 8. This
failure made him subject to removal. G. L. c. 195, § 10. But it did not
ipso facto invalidate his appointment. See *Fay* v. *Fay,* 299 Mass. 608,
609-611 (1938).