JOHN E. BALDWIN *vs.* ANGELO PISACRETA. April 12, 1977. This is an action in two counts by which the plaintiff seeks to recover damages for a personal injury sustained by him while working in the employ of the defendant on May 4, 1967. Both counts allege that the defendant was not a subscriber under the Workmen's Compensation Act at the time of the injury complained of; count 1 alleges that the plaintiff was injured by reason of the defendant's negligence; count 2 alleges that at the time of the injury the plaintiff was engaged in "hazardous employment" as determined by the Commissioner of Labor and Industries. See G. L. c. 152, §§ 1 (4) (c) (as appearing in St. 1960, c. 306), 25A (as appearing in St. 1955, c. 174, § 3), 66 (4) (as appearing in St. 1959, c. 478), and 67, second paragraph (as appearing in St. 1943, c. 529, § 10); *Maciejewski* v. *Graton & Knight Co.* 321 Mass. 165, 165-166 (1947); *Fisher* v. *Ciaramitaro,* 345 Mass. 199, 201-202 (1962). The plaintiff has appealed from the action of the judge in entering judgment for the defendant on both counts pursuant to the provisions of Mass.R.Civ.P. 50 (b), 365 Mass. 814 (1974). 1. Assuming that the hand mower supplied by the defendant repeatedly stuck in the wet grass and that the defendant was aware of that fact, still it could not properly have been found that the mower was defective; on the evidence there was no duty on the defendant to warn the plaintiff of the open and obvious danger of slipping on the wet grass and falling off the top of the retaining wall at the foot of the sloping lawn. The disposition of count 1 is governed in principle by such cases as *Starr* v. *Chafitz,* 317 Mass. 227, 230 (1944), and *Maciejewski* v. *Graton & Knight Co. supra,* at 169-170, rather than by such cases as *Berube* v. *Horton,* 199 Mass. 421, 425 (1908), and *Reidy* v. *Crompton & Knowles Loom Works,* 318 Mass. 135, 137-138 (1945). 2. It is clear from the face of the determination made by the Commissioner

of Labor and Industries in 1957, a certified copy of which is before
us (contrast *Paananen* v. *Rhodes,* 1 Mass. App. Ct. 12, 14 [1972]),
that his classification of gardening and landscaping as "hazardous em-
ployments" was limited to the pursuit of those "employments on all
... construction projects" of the types specifically listed in the deter-
mination itself; that determination cannot be read to include the
mowing of lawns in a settled residential area. There is nothing to the
contrary in *Fisher* v. *Ciaramitaro, supra.* 3. The foregoing conclusions
render immaterial the question of a possible error in the charge which
has been argued by the defendant, but we note that no such question
is properly before us because the defendant took no cross appeal under
the second sentence of Mass.R.A.P. 4, 365 Mass. 846 (1974).

*Judgments notwithstanding*
*the verdicts affirmed.*

The case was submitted on briefs.
*John P. Donnelly* for the plaintiff.
*Martin S. Cosgrove* for the defendant.